**Edna S. BUCKLEY, Plaintiff,**

**v.**

**GENERAL DYNAMICS CORPORATION (ELECTRIC BOAT DIVISION) and Turner Construction Company, Defendants.**

**Civ. No. 10703.**

United States District Court
D. Connecticut.

June 27, 1966.

Alexander Winnick, New Haven, Conn., for plaintiff.

John C. Flanagan, Peter C. Dorsey, New Haven, Conn., for defendant General Dynamics Corp.

Leo J. McNamara, of Brown, Jewett & Driscoll, Norwich, Conn., for defendant Turner Const. Co.

Timbers, Chief Judge.

Defendant General Dynamics Corporation having moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in its favor on its cross-claim against defendant Turner Construction Company in this action by plaintiff against both defendants to recover damages for personal injuries claimed to have been sustained November 7, 1963 as a result of her slipping and falling while descending a rear stairway at a building owned by General Dynamics and upon which construction work was being performed by Turner, control of the stairway at the time involved being one of the critical issues in the case; and

The Court having heard arguments of counsel and having received and considered the motion, briefs of counsel, depositions, pleadings and all other papers on file; and

The Court being of the opinion that—aside from the fact that claims of indemnification and reimbursement as between co-defendants normally await adjudication of plaintiff's primary claim against such defendants—the said motion for summary judgment should be denied for the reasons that

(1) General Dynamics' reliance upon an *express contract* with Turner as a basis for its cross-claim of indemnification raises issues of material facts, inter alia, (i) as to the on-the-job authority of O'Reilly on behalf of Turner to commit the latter by an oral arrangement to specific maintenance obligations involving the stairway and (ii) as to the consideration flowing from General Dynamics to Turner for such obligations.

(2) General Dynamics' reliance, in the alternative, upon a claim of indemnification arising "by operation of law . . . from [Turner's] *negligence* in the performance of the [general construction] contract", Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 410, 416, 207 A.2d 732, 735, 738 (1965), places upon General Dynamics the burden of proving these essential elements:

(a) that Turner was negligent;

(b) that Turner's negligence, rather than that of General Dynamics, was the direct and immediate cause of the accident;

(c) that Turner was in control of the stairway to the exclusion of General Dynamics; and

(d) that General Dynamics had no knowledge of Turner's negligence, had no reason to anticipate it and reasonably could rely on Turner not to be negligent.

The record before the Court presents issues of material facts as to the foregoing elements of General Dynamics' claimed cause of action for breach by Turner of its alleged implied contractual duty to exercise reasonable care in the maintenance of the stairway. For example, with respect to whether Turner was in control to the exclusion of General Dynamics (element (c) above), there is evidence that between September 30, 1963 and November 15, 1963—the accident having occurred November 7, 1963—employees of General Dynamics drilled openings in the floor of the landing of the stairwell for the installation of conduits and water used in such drilling collected and spilled on the stairwell upon which plaintiff fell (O'Reilly deposition, pp. 21–25; Merwin deposition, pp. 32–36); according to Merwin, General Dynamics' Plant Engineer, "It was of great concern to Electric Boat that no moisture whatsoever entered the area in question" (Merwin deposition, p. 36).

(3) Viewing the facts and the inferences to be drawn from the facts in the light most favorable to Turner as the party opposing the instant motion, United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); 6 Moore's Federal Practice ¶56.15[3] (2d ed. 1965), there are genuine issues as to material facts with respect to General Dynamics' cross-claim against Turner which are not susceptible of summary adjudication but must await determination at trial, and General Dynamics is not entitled to judgment as a matter of law. Gordon v. Vincent Youmans, Inc., 358 F.2d 261 (2 Cir. 1965); it is therefore

ORDERED that General Dynamics' motion for summary judgment in its favor on its cross-claim against Turner be, and the same hereby is, denied; and it is further

ORDERED that this case be, and the same hereby is, assigned for trial at the next civil jury session of this Court at New Haven on October 4, 1966, at which time counsel for all parties are directed to be ready to proceed.