[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM (133)
By complaint dated September 9, 1988, the plaintiff, Lawrence DiPiro, commenced the above entitled action against the CT Page 2919 defendant, Cole Associates, Inc., for alleged injuries sustained while using a meat slicer. Plaintiff asserts that his injuries were caused by the negligence of Cole Associates in that Cole Associates allegedly removed a protective guard from the meat slicer and failed to replace it after performing work on the meat slicer.
On September 26, 1990, the plaintiff's employer, Stop Shop, Inc., intervened in this action as a party plaintiff seeking recovery from defendant Cole Associates. Stop Shop, Inc. seeks recovery for the monies which it expended pursuant to the Worker's Compensation Act. On April 17, 1990, Cole Associates filed a counterclaim against Stop Shop, Inc. seeking indemnification. That counterclaim alleged the following:
1. The employer had hired Cole Associates to perform work on a meat slicer;
2. Prior to the employee's injury, Cole Associates had removed a portion of a meat slicer in order to repair the meat slicer:
3. After the removal of the piece of equipment from the meat slicer, Cole Associates instructed Stop Shop, its agents, servants and employees, not to use the meat slicer;
4. The employer was in exclusive control and possession of the meat slicer;
5. The meat slicer was being held by the employer until Cole Associates completed it work on the machine;
6. Thereafter, the employee was injured while using a meat slicer which did not have on it a certain piece of equipment;
7. Cole Associates claims that if the employee was injured as a result of anyone's negligence, it was the negligence of the employer and not Cole Associates.
8. Cole Associates further claims that it had no reason to know of Stop Shop's negligence, had no reason to anticipate it and could reasonably rely on Stop Shop not to be negligent.
On July 5, 1990, the intervening plaintiff, Stop Shop, Inc., filed a motion to strike, and a memorandum in support, against the counterclaim of Cole Associates on the ground that the counter claim is barred by the exclusive remedy provision of the CT Page 2920 Worker's Compensation Act. On August 13, 1990, Cole Associates filed a memorandum of law in opposition to the motion to strike.
On September 4, 1990, Stop Shop, Inc. filed a reply memorandum to Cole Associates' memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989). In ruling on a motion to strike a court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must construe the allegations in the pleading most favorably to the plaintiff. Id. Similarly, all well pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Amodio v. Cunningham, 182 Conn. 80, 83 (1980). See J.L.J. Associates, Inc. v. Persiani, 41 Conn. Sup. 79, 80 (1988). "If facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman,212 Conn. at 142.
Third party defendant Stop Shop, Inc. argues in support of its motion to strike that the counterclaim alleged against them should be stricken based on the exclusive remedy provision of the Worker's Compensation Act, Conn. Stat. 31-284 (a) (rev'd to 1989). That section provides in part:
 "All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . . ."
While Worker's Compensation is the exclusive remedy for employees against their employers, exceptions apply to third parties:
 "When the third party, in a suit by the employee, seeks recovery over a contributory negligent employer, contribution or indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. "
CT Page 2921
Ferryman, 212 Conn. at 144-45.
The defendant argues that its counterclaim alleges that an independent contractual indemnity relationship existed between Cole Associates and Stop Shop, Inc. In Ferryman, the court held that the City of Groton's third party complaint disclosed allegations which established an implied independent legal duty owed by Electric Boat. Id. at 145. In that case, the defendant/third-party plaintiff, City of Groton, was the owner of transformers and metering equipment at an electrical substation. Id. The third party defendant, Electric Boat, controlled access to the electrical substation and employed the agent which negligently unlocked a gate which made the electrical substation accessible to the public. Id. at 145-46.
The independent legal relationship between the parties was found to be either: co-owners, bailor-bailee, or lessor-lessee. Id. at 146. Since the allegations sufficiently established an independent relationship between Groton and Electric Boat, "a relationship that goes beyond the active/passive negligence relationship," the court found error in the trial court's granting of the motion to strike the third party complaint. Id.
In the present action, defendant has not established in its counterclaim, a relationship that goes beyond the active/passive negligence relationship. Although defendant argues that it is not asserting the active/passive negligence principles, this is exactly what is pleaded in its counterclaim. Paragraphs seven through ten of defendant's counterclaim, mirror the elements which Ferryman recognized as stating a cause of action for an active/passive negligence relationship:
 "Where . . . one of the defendants is in control of the situation and his negligence alone is the direct cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong. . . ."
Id. at 142; See Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,412 (1965); (See Cole Associates allegations this memo). The court stated in Ferryman, however, that active or primary negligence "is simply inadequate to establish the independent relationship that would obviate the operation of the exclusive remedy doctrine" within the worker's compensation statute. Ferryman, 212 Conn. at 145.
Although Cole Associates argues in its memorandum theories CT Page 2922 based on bailment or contractual duty, the counterclaim contains no such allegations. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint." Liljedahl Bros. v. Grigsby, 215 Conn. 345, 348 (1990). Accordingly, the third party defendant's motion to strike is granted because defendant Cole Associates has failed to allege an independent relationship that would obviate the operation of the exclusive remedy doctrine.
DONALD T. DORSEY, JUDGE