[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT HYSTER COMPANY'S MOTION TO STRIKE (#142)
This action involves various claims arising from an alleged propane gas leak occurring on November 10, 1987 at an industrial complex in Wallingford, Connecticut. The original plaintiff, Integrated Power Technology, Inc. (Integrated) brought suit against Dal-Tile Corporation (Dal-Tile), alleging that Dal-Tile caused the leak while its employees were operating a fork lift owned by Dal-Tile.
Dal-Tile then filed a third party complaint against Hyster Company (Hyster) alleging that Hyster was the manufacturer of the fork lift, and Lewis Boyle, Inc. (Lewis Boyle), alleged to have serviced the fork lift. Dal-Tile has now filed an amended third party complaint dated July 25, 1991 against Hyster and Lewis Boyle.
Dal-Tile's amended third party complaint against Hyster is in four counts. The first count is based on a theory of common law indemnification. The second count alleges a claim of CT Page 7602 indemnification under the Product Liability Act, Connecticut General Statutes Sections 52-572m et seq. The third count alleges a breach of contract and the fourth count alleges a claim pursuant to the Unfair Trade Practice Act.
The third party defendant Hyster has moved pursuant to Practice Book Section 152 et seq. to strike counts one, two and four of Dal-Tile's amended third party complaint. At oral argument the motion to strike the fourth count is withdrawn. Therefore, before the court is third party defendant Hyster's motion to strike counts one and two of the amended third party complaint.
Hyster claims that the first count should be stricken because it attempts to allege a claim for common law indemnification but fails to allege the essential elements required to recover indemnity at common law. The basis of the motion to strike the second count is that while the count purports to allege a claim pursuant to the Connecticut Product Liability Act, the claim is legally insufficient because it fails to allege that Dal-Tile has suffered the kind of harm which gives rise to a direct product liability action.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989); Connecticut Practice Book 152. It admits all facts well pleaded, as well as those necessarily implied from the allegations. Ferryman, supra, 142 Amodio v. Cunningham,182 Conn. 80, 83 (1980).
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273,278 (1988). The sole inquiry where a complaint is attacked based on legal insufficiency is whether plaintiff's allegations, if proven, would state a cause of action. Doyle v. A P Realty Corp., 36 Conn. Sup. 126, 127 (1980).
With respect to the motion to strike the first count, alleging common law indemnification, the parties agree that the case of Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,416 (1965) has clearly set forth the elements necessary to prove such a claim. The necessary elements, which must be alleged and proven, as applied to the case at bar, are: (1) Hyster was negligent; (2) Hyster's negligence, rather than the negligence with which Dal-Tile may be or has been found chargeable, was the direct, immediate cause of the accident and resulting injuries; (3) Hyster was in control of the situation to the exclusion of Dal-Tile; (4) Dal-Tile did not know of Hyster's negligence, had no reason to anticipate it, and could reasonably rely on Hyster not to be negligent. CT Page 7603
The first count of the amended third party complaint alleges in paragraph five that Hyster was negligent in various ways and then alleges in paragraphs six, seven and eight as follows:
 6. The actions and negligence of Hyster described above were the direct, immediate cause of the accident and the resulting injuries and damages claimed by Integrated, if any such injuries and damages were indeed suffered.
 7. Hyster was in control of the situation to the exclusion of Dal-Tile.
 8. Dal-Tile did not know of Hyster's actions or negligence, had no reason to anticipate it, and could reasonably rely on them not to behave in such a manner or be negligent.
Merberg holds that the party claiming indemnification must allege and prove that its negligence was passive and secondary, and that the indemnitor's negligence was active and primary. Kaplan v. Merberg, Id. at 415. The omission of words sufficient to satisfy the portion of element (2) required by Merberg, to wit: ". . . rather than the negligence with which Dal-Tile was found responsible," seems to stick out like the proverbial sore thumb from the other allegations which are nearly identical to elements (1), (3) and (4) as set forth in Merberg.
The court finds that the allegations of the first count are insufficient to establish a claim for common law indemnification.
The motion to strike the second count of the amended third party complaint claims that the count is legally insufficient because it fails to allege the kind of loss or damage that can give rise to a direct cause of action under the Product Liability Act.
A product liability claim is defined in General Statutes Section 52-527m (b) as "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." (Emphasis added). CT Page 7604
There is no question but that the second count alleges a direct product liability claim. Paragraph six of the count alleges "Hyster . . . is liable and legally responsible to Dal-Tile as a result of its violations of Connecticut Product Liability Act, Connecticut General Statutes 52-572m et seq. . . ."
The type of harm which Dal-Tile claims it suffered is set forth in paragraph eight of the second count which alleges "As a result of the above-described actions of Hyster, Dal-Tile has suffered damages and injuries as it has been sued, incurred legal fees, costs, court costs, and may be subjected to a judgment against it in favor of Integrated." It is clear to the court that Dal-Tile has not alleged the type of harm "property damage, personal injury or death," as defined in General Statutes Section 52-572m (b).
The third party plaintiff Dal-Tile, in its memorandum of law in opposition to the motion to strike and in oral argument, relies on certain language found in Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989) to support its claim that the type of harm it claims it has suffered may be the basis for a suit brought pursuant to the product Liability Act. In that decision the court states that ". . . [W]e conclude that common law indemnification continues as a viable cause of action in the context of product liability claims. . . ." Malerba v. Cessna, Id. at 498.
The court in Malerba was dealing only with counts alleging common law indemnification and not, as is alleged in the second count in this case, a claim being asserted pursuant to the Product Liability Act. This court agrees that common law indemnification continues as a viable cause of action in the context of product liability claims. That is the situation with respect to the first count in the case at bar, and if that common law indemnification cause of action had been properly alleged it would not be stricken.
The court finds that in the second count Dal-Tile has not alleged the type of harm that is required to be alleged in order to support an action brought pursuant to the Product Liability Act. See Euclid Chemical Co. v. Shell Oil Co., D. No 350991, J.D. Hartford-New Britain at Hartford, Memorandum of Decision on Defendant's Motion To Strike, (October 18, 1989, Freed, J.); McMellon v. McCurdy et al., D. No. 55631, J.D. Middlesex, Memorandum of Decision on Motion To Strike, (April 3, 1991, Higgins, J.).
Accordingly, for the reasons set forth above, the third party defendant Hyster's motion to strike counts one and two of CT Page 7605 the third party plaintiff Dal-Tile's amended third party complaint dated July 25, 1991 is granted.
William L. Hadden, Jr., J.