[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY PLAINTIFFS' AMENDED COMPLAINT
This is a personal injury action alleging negligence in the unloading of electrical control panels, which fell off a forklift striking the plaintiff delivery man.
By way of an amended one count third-party complaint seeking indemnification, third-party plaintiffs allege that third-party defendant Hoffman negligently loaded the electrical control panels onto the truck used to deliver the panels and that "defendant (Hoffman) had exclusive control of the loading of the panels onto the tractor trailer truck."
Hoffman, the third-party defendant now moves to strike the amended third-party complaint on the ground that it fails to state a claim upon which relief may be granted.
 I.
Third-party defendant claims that third-party plaintiffs' indemnification claim is legally insufficient for failure to plead exclusive control of the situation as required by Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,416, 207 A.2d 732 (1965). CT Page 10279
Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412. . .(1965)." Atkinson v. Berloni, 23 Conn. App. 325, 326, 580 A.2d 84
(1990).
 If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. (citation omitted). Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff, and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988); Kaplan v. Merberg Wrecking Corporation, (152 Conn. at 416).
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74579 A.2d 26 (1990). Given the uncontested facts that the panels were on a forklift operated by the defendant Miano after they were unloaded from the truck, prior to their falling on the plaintiff, it is clear that the third-party plaintiffs have failed to allege facts sufficient to support the essential element that third-party defendant was in control of the situation to the exclusion of the plaintiff. Since third-party plaintiffs' indemnification claim is legally insufficient, third-party defendant's motion to strike the May 8, 1991 amended third-party complaint is granted.
WAGNER, J.