[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE CROSS-CLAIM (#160)
On June 12, 1991, the plaintiffs, Joel Pondelik and Kathy Duncan filed a revised complaint in which they allege that their property was damaged as a result of a fire which took place at The Carriage Shop building in Bantam, Connecticut. In 1986, Mr. Pondelik, d/b/a Headlines Styling Salon, leased a portion of The Carriage Shop building to the defendant, The Heritage Restaurant and Pizza House, Inc., whereby the restaurant took possession of said portion of the building. The plaintiffs allege that the restaurant caused liquid propane gas lines to be installed in its kitchen, and that on June 12, 1989, as a result of a crack in one of the liquid propane gas lines, gas escaping from the line ignited, causing a fire in the kitchen area of the restaurant and, consequently, causing extensive damage to the premises of the plaintiff. The revised complaint also named as defendants Patterson Oil Company, Frank E. Wargo d/b/a Fire Control Service Company, Inc., and Fire Control Service Company Inc., alleging, inter alia, that each defendant was negligent in that they failed to service and maintain the propane gas lines and fire suppressant system at the restaurant.
On September 6, 1991, Patterson filed, inter alia, a cross claim , count two of which is directed against Wargo d/b/a and alleges that Wargo d/b/a was in the business of installing and servicing fire suppressant systems. Patterson further alleges that on April 21, 1987, the Restaurant and Wargo d/b/a FCSC entered into an agreement wherein Wargo d/b/a was to furnish, install and maintain a fire suppressant system for the restaurant. On April 21, 1987, Wargo, d/b/a purported to install such a system in the kitchen area of the restaurant and, on June 12, 1989, extensive damage was allegedly caused, due to a fire, to the plaintiffs' premises. Patterson claims that the alleged damage to the plaintiff's property was caused by said fire, and that said damage was proximately caused by the active negligence and carelessness of Wargo d/b/a FCSC. Patterson alleges that Wargo d/b/a installed and was otherwise in control of the fire suppressant system to the exclusion of Patterson, and that Patterson did not know, nor did it have reason to know, of Wargo d/b/a's negligence. Furthermore, Patterson maintains that it reasonably relied upon Wargo d/b/a to have installed the protection system in a workman like manner and in such fashion as to fulfill its purpose. Consequently, Patterson seeks, inter alia, indemnification for any judgment that may be rendered against Patterson in favor of the plaintiff.
On October 17, 1991, Frank Wargo d/b/a and FCSC filed a motion to strike Patterson's cross claim on the ground that such fails to state a legally recognizable claim for indemnification. Patterson has not filed a memorandum in opposition to the motion to strike. CT Page 10874
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
The failure of the cross-complaint to file a memorandum in opposition to the motion to strike, should not preclude an examination of the motion on its merits.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Krytatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). A party "is entitled to indemnification, in the absence of a contract to indemnify, only upon providing that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411, 207 A.2d 732 (1965) (emphasis added). An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Id. at 412. Indemnification is permitted in tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287
(1989) (citing Kaplan, supra at 415). If a claim for reimbursement:
 is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active of primary negligence' of the party against whom reimbursement is sought . . . . Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'
Burkert v. Petrol Plus of Naugatuck, Inc. 216 Conn. 65, 74,579 A.2d 26 (1990) quoting Kyrtatas, supra at 698.
The Appellate Court, in Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990), recently added a fifth element to an active/passive claim. This additional element, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving CT Page 10875 rise to a special duty." Id. at 327. Defendant Wargo d/b/a, in its motion to strike, contends that Patterson has failed to allege a legal relationship pursuant to Atkinson and, accordingly, the cross-claim should be stricken.
In the present matter, Patterson has alleged the four "Kaplan" elements of indemnification. However, the only mention of defendant Wargo d/b/a FCSC is with regard to an agreement between defendant Wargo and defendant restaurant. Nowhere has Patterson alleged the existence of an independent legal relationship between itself and Wargo or Wargo d/b/a FCSC as is required pursuant to Atkinson. Accordingly, Patterson has failed to properly plead indemnification, and the motion to strike count two of the cross claim is granted.
PICKETT, J.