[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION GRANTING THE THIRD PARTY DEFENDANT KING O'TILES' MOTION FOR SUMMARY JUDGMENT AGAINST MAY DEPARTMENT STORE
This is a personal injury action arising out of the plaintiff's fall in the defendant May Department Store Company's Fox Department Store on a floor installed by the third party defendant King O'Tiles.
The continued presence of a third party as a third party CT Page 1447 defendant in a lawsuit must be prompted by more than the basic desire of another defendant, in the case to have company. King O'Tiles has moved for summary judgment on the ground that (1) the plaintiff's injuries did not arise out of its floor installation or contract to install the floor; and (2) it was not in control of the premises. The court rinds there is no material issue of facts and the third party defendant King O'Tiles is entitled to judgment as a matter of law.
King O'Tiles constructed the floor pursuant to a written contract with May Department Store dated May 4, 1988. May Department Store supplied the wood for the new floor, and specified how the job was to be done and which type of finish was to be applied. May Department Store, through its own architects and agents, supervised the work performed by King O'Tiles and King O'Tiles performed the work to May Department Store's satisfaction. No defects existed in the construction of the floor. All work was approved, accepted and paid for by May Department Store. King O'Tiles had no duty to maintain the floor after the work was accepted by May Department Store, nor did it have any continuing control over May Department Store's premises. The plaintiff, Carol Eaton, has indicated that she has no information that leads her to believe that there was something done improperly with respect to King's construction of the floor she fell upon. It was May Department Store's responsibility to take care of the floor after it was installed. May Department Store has filed no counter affidavit rebutting any of these facts.
Summary judgment should be granted when "the pleadings, affidavits, and other proofs submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Rawlings v. New Haven,206 Conn. 100, 104 (1988).
The contract indemnity clause is found in Section 7 of Article IX. It specifically excludes indemnity for claims resulting from negligence of the parent company "without negligence or fault on the Part of the contractor". Since neither the plaintiff nor the third party defendant May Department Store has filed any counter affidavit showing any fault on the part of King O'Tiles in constructing the floor, the court's interpretation of this contract is that there is no contractual liability on the part of King O'Tiles to indemnify as some kind of insurer for defendant May Department Store about such fault. King O'Tiles' unrebutted affidavit and attachments state that King O'Tiles complied in every CT Page 1448 way with the contract and May Department Store accepted the work and paid for it.
May Department Store argues that Article VIII, 2, Article XIII b and Article XIV of the contractual agreement all require indemnity for the claim. The short answer to that is there is no counter affidavit which evidences that King O'Tiles' rendered any faulty service or delivered or provided any defective material used in the floor construction. Such evidence is a necessary precondition to invocation of any indemnity under any of these provisions.
Turning to whether there can be any indemnity for May Department Stores under tort theories, the court finds necessary elements lacking to support such a theory of indemnity recovery. First, there is no independent legal relationship between the indemnitor and indemnitee giving rise to a special duty. The contract does not give rise to a special duty because it made King O'Tiles liable to indemnify only where it was at fault. It is undisputed that at the time of the injury, King O'Tiles was not on the premises; its work had already been completed and accepted by May Department Store Company; it had no control over the G. Fox premises on which the plaintiff fell and the plaintiff knows of no defect in the construction by King O'Tiles.
For a general tort liability indemnity theory to apply, the third party defendant, King O'Tiles, would have to be in control of the premises at the time of injury, to the exclusion of the third party plaintiff May Department Store. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416 (1965). The unrebutted evidence proves the opposite. There is no issue of fact that King O'Tiles itself was not in control of the premises when the plaintiff fell which was after King O'Tiles completed its work to May Department Store's specifications. A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a material issue of fact. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
Summary judgment is ordered to enter in favor of the third party defendant, King O'Tiles, on the third party complaint of May Department Store Company.
Flynn, J. CT Page 1449