[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
On June 5, 1991, the plaintiffs, Robert A. Durand and Sheree Durand, filed a four count product liability action against the defendant, TMC Manufacturing, Inc. ("TMC") and Royal Paint and Wallpaper, Inc. ("Royal"), seeking to recover for personal injuries sustained by Robert A. Durand when a kerosene heater he was operating burst into flames.
The first and third counts were brought by Robert Durand against TMC and Royal, respectively. In those counts, Robert Durand alleges that his injuries were caused by the dangerous and defective condition of the CT Page 5941 heater which was designed, manufactured and distributed by TMC and sold to the plaintiffs by Royal. In the second and fourth counts Sheree Durand seeks to recover from TMC and Royal, respectively, for medical expenses she incurred and will incur on behalf of her husband, Robert Durand.
On January 7, 1992, Royal filed a "Motion to Cite In and/or Implead" Right-Way Dealer Warehouse, Inc. ("Right-Way"), accompanied by a proposed third-party complaint. Royal's motion was granted by the court, O'Neill, J., on January 21, 1992.[1] In its two count third-party complaint, based upon the allegations of the third and fourth counts of the plaintiffs' underlying complaint, respectively, Royal seeks "an allocation of responsibility, if any, against Right-Way Dealer Warehouse, Inc., together with contribution in accordance with the allocation to any judgment entered on behalf of the Plaintiffs in the underlying action." (Third-Party Complaint, First Count, para. 14; Second Count, para. 14). In its prayer for relief, Royal seeks "[a]n allocation of responsibility, if any, among Right-Way Dealer Warehouse, Inc. with respect to the Complaint filed on behalf of the plaintiffs; . . . [c]ontribution in accordance with the allocation to any judgment entered against the defendant, Royal Paint Wallpapering, Inc., on the Complaint; [and] [i]ndemnification, including expenses and costs, against Right-Way Dealer Warehouse, Inc., with respect to any judgment entered against the defendant, Royal Paint Wallpapering, Inc. on the Complaint." (Third-Party Complaint, prayer for relief, pp. 5-6). On November 9, 1992, Royal filed a three count amended third-party complaint. The first two counts of the amended third-party complaint contain the same allocation of responsibility/contribution allegations of the original two count third-party complaint. In the third count of the amended third-party complaint, Royal alleges an indemnification claim based upon active/passive negligence. Right-Way never objected to the filing of the amended third-party complaint; therefore, the amended third-party complaint is "deemed to have been filed by consent of" Right-Way. Practice Book 176.
On December 15, 1992, Right-Way filed a motion to strike (#130) the first and second counts of the amended third-party complaint on the ground that the allegations CT Page 5942 of those counts are legally insufficient to state a cause of action for indemnification or contribution. Pursuant to Practice Book 155, Right-Way filed a memorandum of law in support of its motion.
On January 14, 1993, Royal filed an objection to Right-Way's motion to strike accompanied by a memorandum of law in support of its objection. On February 4, 1993, Right-Way filed a new motion to strike (#134) in which it more explicitly stated the ground of its motion. In addition, Right-Way asserted in its motion for the first time that in its first and second counts, Royal failed to allege a required element of a contribution claim; that Right-Way was in exclusive control of the situation. Royal thereafter filed a supplemental memorandum of law dated February 9, 1993 in which Royal addressed the additional ground asserted by Right-Way in its new motion to strike.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152. A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235
(1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
In its memorandum of law in support of its motion to strike (#130) filed December 15, 1992, Right-Way argues that in the first and second counts of the amended third-party complaint, Royal "seeks contribution presumably under theories of tort reform allocation of responsibility"; however, "[n]o such right exists and as such the Third Party Plaintiff should not be permitted to seek such a remedy to which he has no right." CT Page 5943 (Right-Way's Memorandum in Support of Motion to Strike, pg. 2). Royal argues that a defendant in a product liability action may properly bring a third-party action for contribution while the underlying action is pending, pursuant to the court's holding in Malerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287 (1989).
In Malerba v. Cessna Aircraft Co., the court held that a defendant in a product liability action may properly institute a contribution action by impleading the prospectively liable third-party pursuant to General Statutes 52-102a and 52-577a(b). Malerba v. Cessna Aircraft Co., supra, 195-96. In this product liability action, Royal has the right to bring a third-party action against Right-Way in order to seek contribution. Accordingly, Right-Way's motion to strike (#130) the first and second counts of Royal's amended third-party complaint on the ground that Royal "has no right" to bring a third-party action for contribution is denied.
In its new motion to strike (#134) filed February 4, 1993, Right-Way asserts that the first and second counts of the amended third-party complaint are legally insufficient "because they fail to state the elements necessary to recovery in contribution pursuant to Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, in essence that the third-party defendant was in control of the situation to the exclusion of the third-party plaintiff." Right-Way cites no other authority for this contention. In its supplemental memorandum dated February 9, 1993, filed in response to Right-Way's new motion to strike, Royal argues that it is not necessary to allege that Right-Way was in exclusive control of the situation in order to state a cause of action for contribution, because "[c]ontribution is based upon the ground [sic] that a defendant has not paid its proportionate share of the liability as determined by the jury." (Royal's Supplemental Memorandum, p. 3).
 Contribution distributes the loss by requiring each culpable party to pay a proportionate share to one who has discharged the joint liability, whereas in indemnity, the party held legally liable shifts the entire loss to another because of some special relationship CT Page 5944 existing between them. Also, contribution requires a duty from the third party defendant to the original plaintiff, while indemnity posits a duty from the third party defendant to the third party plaintiff, or the original defendant.
18 C.J.S. Contribution 2 (1990, as updated to 1992).
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412,207 A.2d 732 (1965); see Malerba v. Cessna Aircraft Co., supra, 194.
After distinguishing contribution and indemnification, the court in Kaplan noted that "[s]ince the plaintiffs seek, not contribution or partial payment, but complete reimbursement for all loss and expenses arising from the litigation instituted against them in the Bonczkiewicz case, this is an action for indemnity rather than for contribution and was properly so treated by the parties." (Emphasis added.) Kaplan v. Merberg Wrecking Corp., supra, 412. The court in Kaplan set forth the essential elements of an indemnification claim based upon an active/passive negligence theory. Id., 416. The court stated that "[i]n order to recover as indemnitees, these plaintiffs had to prove that Merberg was the party primarily liable. . . . This in turn required them to prove that at the time of the accident . . . (3) Merberg was in control of the situation to the exclusion of these plaintiffs." (Emphasis added; Citation omitted.) Id. The court in Kaplan did not address the elements which must be pleaded in order to state a legally sufficient contribution claim.
Accordingly, because the court in Kaplan discussed the essential elements of an indemnification claim rather than a contribution claim, Kaplan does not support Right-Way's assertion that pursuant to Kaplan, Royal must plead that Right-Way was in exclusive control of the situation to the exclusion of Right-Way in order to state CT Page 5945 legally sufficient contribution claims in the first and second counts of the amended third-party complaint. Accordingly, Right-Way's new motion to strike (#134) the first and second counts of Royal's amended third-party complaint is denied.
Mary R. Hennessey, Judge