OSCAR B. KAPLAN, EXECUTOR (ESTATE OF SARAH L. KAPLAN), ET AL. v. THE MERBERG WRECKING CORPORATION

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 4, 1964—decided February 25, 1965

*Donald F. Keefe,* for the appellants (plaintiffs).

*William L. Hadden* and *Jack Evans,* with whom, on the brief, was *Clarence A. Hadden,* for the appellee (defendant).

KING, C. J. This is an action in which the plaintiffs seek to recover from the defendant corporation, hereinafter referred to as Merberg, the amount of a judgment rendered against them in the case of *Bonczkiewicz* v. *Merberg Wrecking Corporation*, 148 Conn. 573, 172 A.2d 917, together with counsel fees and other costs incurred in defending that action and in prosecuting this one. The *Bonczkiewicz* case involved negligence actions for personal injuries and wrongful death which arose when pedestrians on the sidewalk were struck by a portion of the front wall of a burned out building, owned by the present plaintiffs and then being razed by Merberg, as an independent contractor. After all other defendants in that case, including Merberg, had settled the claims against them and obtained covenants not to sue, verdicts totaling $22,500 over and above the settlements which the plaintiffs in the *Bonczkiewicz* case had received were returned against the present plaintiffs, who were then the only defendants left in that case. See *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 95, 92 A. 883; Restatement, 4 Torts § 885 (2) and (3).

The plaintiffs claim reimbursement for the amount of the judgment, which they have paid, on two theories: the first for breach of contract and the second on an implied obligation of indemnity for Merberg's claimed primary negligence. They claim that their contract with Merberg, printed in the footnote,[1] required Merberg to take all precau-

[1] "We will furnish all the plant, labor, equipment and insurance to demolish and remove from the site the building and contents known as 80 West Main Street, Meriden, Connecticut.

"We will remove all the interior and exterior walls level with the existing grade excepting any party walls or other walls you may so direct us to leave intact, and clean out the entire area to the cellar floor but not including the concrete cellar floor. We will also

tions necessary to protect the public, such as roping off the sidewalk; that Merberg breached its contract by failing to take such precautions; and that this breach gives rise to a right of reimbursement as damages for breach of contract. Merberg's obligation in contract was to "erect a fence around the entire property to protect the passing public." This he admittedly did. The fence was in conformity with the terms of the contract. The plaintiffs' claim that Merberg was chargeable with breach of contract, at least so far as an express term of the contract is concerned, is without merit, and the court properly overruled it. See Restatement, 2 Torts § 413 (a).

Of course this contract was in no sense of the word a contract of indemnity, as such. See, for instance, cases such as *Gilpatric* v. *National Surety Co.,* 95 Conn. 10, 19, 110 A. 545; *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 424, 177 A. 568; *Bridgeport* v. *United States Fidelity & Guaranty Co.,* 105 Conn. 11, 17, 134 A. 252; *Fairfield* v. *D'Addario,* 149 Conn. 358, 361, 179 A.2d 826. Rather, it was an ordinary contract for the demolition of a building. If the plaintiffs have any right of indemnity, it arises by operation of law and not under any express provision of the contract.

The claim most stressed by the plaintiffs seems to be that something more than a fence was required, such as roping off or otherwise closing

---

erect a fence around the entire property to protect the passing public.

"All the salvage shall become the property of this contractor, and upon completion of operations we are to receive the lump sum of . . . [$7000].

"Our price includes securing the necessary permits as well as removing the respective utility services."

the sidewalk to pedestrian travel or erecting steel sheds over the sidewalk, and that Merberg was negligent in not providing this further protection. *Bonczkiewicz* v. *Merberg Wrecking Corporation,* supra, 580. This claim is not based on any express contract obligation but on a liability arising from negligence in the performance of the contract. From this, at most, an obligation to indemnify might arise by operation of law. An obligation of that type, arising from a tort, such as negligence, is sometimes termed an implied obligation of indemnity. 27 Am. Jur., Indemnity, §§ 16, 18, 19; see, for instance, cases such as *Waterbury* v. *Waterbury Traction Co.,* 74 Conn. 152, 163, 50 A. 3; Restatement, Restitution § 96.

It is true, of course, that out of a contractual relationship a tort liability, as in negligence, may arise. See, for instance, cases such as *Bifield* v. *Bruner-Ritter, Inc.,* 144 Conn. 747, 748, 137 A.2d 751; *Wright* v. *Blakeslee,* 102 Conn. 162, 165, 128 A. 113. And it sometimes happens that in such a situation an action is also maintainable in contract for breach of an implied obligation to exercise reasonable care in the performance of a contract. See cases such as *Hickey* v. *Slattery,* 103 Conn. 716, 719, 131 A. 558 (surgeon); *Bridgeport Airport, Inc.* v. *Title Guaranty & Trust Co.,* 111 Conn. 537, 541, 150 A. 509 (title searching company); *Loveland* v. *Aymett's Auto Arcade, Inc.,* 121 Conn. 231, 235, 184 A. 376 (installer of an oil burner). This court has adopted the view that the " '[m]odern tendency is to make the fundamental nature of the obligation the test as to whether the action is founded upon either tort or contract.' " *Dean* v. *Hershowitz,* 119 Conn. 398, 405, 177 A. 262 (quoting from Bohlen, Studies in the Law of Torts, 87).

In the absence, as here, of any express contract of indemnity, or breach of any express contract obligation, any claimed liability of Merberg for negligence in the performance of the contract, whether based on breach of an implied contractual obligation to use reasonable care or on the tort claim of negligence, as such, would, in the light of the judgment in the *Bonczkiewicz* case establishing, as to these plaintiffs, their own independent negligence, constitute a claim by them, as tort-feasors, for reimbursement from Merberg, as a tort-feasor. This would be true whether the negligence claimed in the performance of the contract was Merberg's failure to exercise reasonable care to guard pedestrians, or its failure to exercise reasonable care in the actual demolition of the building, as such. Thus, any technical error, if indeed there was any, in the court's conclusion that Merberg did not breach an implied contract obligation to the plaintiffs to exercise reasonable care in the performance of the contract would be immaterial since these plaintiffs, as tort-feasors, could recover indemnity from Merberg based on its negligence only by proving that Merberg's negligence was primary, under the rule of cases such as *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542, 52 A.2d 862. See also note, 142 A.L.R. 727, 728 (supplementing the earlier annotation quoted in the *Preferred Accident* case). Indeed, it would appear that unnecessary complications were injected into an already overly complex case by the plaintiffs' separate claim for reimbursement under the theory of a breach of an implied contract to exercise reasonable care in the performance of the contract of demolition. See note, 97 A.L.R.2d 616, 625, 626 § 8.

We turn now to the plaintiffs' claim of a right of

indemnity under a tort theory based on Merberg's claimed primary negligence. Ordinarily there is no right of indemnity or contribution between joint tort-feasors. *Caviote* v. *Shea,* 116 Conn. 569, 575, 165 A. 788. But this rule has certain exceptions, and the plaintiffs claim that the court was in error in failing to decide that they had brought themselves within the exception set forth in the case of *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* supra. Parenthetically it perhaps should be pointed out that both an implied obligation to indemnify and contribution are based on equitable principles. *Lockwood* v. *Nagy Bros., Inc.,* 150 Conn. 691, 692, 186 A.2d 82. But indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others.

In this case, the principles governing the right to contribution and the right to indemnity are similar. *Fidelity & Casualty Ins. Co.* v. *Sears, Roebuck & Co.,* 124 Conn. 227, 231, 199 A. 93; *Waterbury* v. *Waterbury Traction Co.,* supra; 18 Am. Jur. 2d, Contribution, §§ 1, 2; 27 Am. Jur., Indemnity, §§ 2, 18, 19; note, 60 A.L.R.2d 1366, 1368, 1369. Since the plaintiffs seek, not contribution or partial payment, but complete reimbursement for all loss and expenses arising from the litigation instituted against them in the *Bonczkiewicz* case, this is an action for indemnity rather than for contribution and was properly so treated by the parties.[2]

---

[2] The distinction between indemnity and contribution was not observed, with precision, in the opinions in our two leading cases involving implied indemnity actions between joint tort-feasors. Thus,

The plaintiffs claim that Merberg was chargeable in the *Bonczkiewicz* case with primary or active negligence, which was the real cause of the injuries and death for which the present plaintiffs were held liable in that case, and that the negligence for which they were held liable was merely secondary or passive negligence. See note, 97 A.L.R.2d 616, 619, 621, 622.

There can be no question that the *Bonczkiewicz* case is not res adjudicata as to Merberg in the present case, since Merberg was not a party to the judgment in that case. *Fox* v. *Schaeffer*, 131 Conn. 439, 448, 41 A.2d 46; *Pierce* v. *Albanese*, 144 Conn. 241, 261, 129 A.2d 606. The court below, however, was correct in looking to the Superior Court file and the opinion of this court to ascertain the basis on which the present plaintiffs were held liable in the *Bonczkiewicz* case. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, supra; see *Bailey* v. *Bussing*, 28 Conn. 455, 459. It is settled law that "an indemnitee, in his action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered, and . . . if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the latter action cannot be success-

---

*Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 538, 52 A.2d 862, was really an implied indemnity action in which one of two joint tort-feasors sought to recover in full from the other the amount he had been obliged to pay, which was one-half of the judgment rendered against both tort-feasors. Substantially the same situation obtained in our other leading case, *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.*, 135 Conn. 307, 308, 63 A.2d 849. This inaccuracy of terminology is pointed out in 60 A.L.R.2d 1369, footnote 6.

fully maintained."[3] Note, 24 A.L.R.2d 329, 330 § 2; Restatement, Judgments § 107, comment h.

Under the court's charge in the *Bonczkiewicz* case, the jury were instructed that the present plaintiffs would not be liable for any negligence of Merberg, an independent contractor, in carrying out the demolition contract, including, of course, any negligence in failing to protect users of the sidewalk. The jury were also instructed that if they found that the contract called for work which, even if it was performed with due care, would obviously and naturally, even though not necessarily, expose pedestrians on the sidewalk adjacent to the front wall of the building to probable injury unless preventive measures were taken, and that the present plaintiffs knew or in the exercise of reasonable care should have known that the work was of that character and negligently failed to take preventive measures or cause them to be taken, the present plaintiffs would be liable for the injuries proximately caused by their negligence. *Bonczkiewicz* v. *Merberg Wrecking Corporation,* supra, 579.

The verdict against the present plaintiffs necessarily established as to them that they were negligent in failing to take preventive measures to avoid injury to passing pedestrians and that this negligence was a proximate cause of the injuries and death for which damages were awarded in the first action. The court in effect so held, and in this determination there was no error. The court below also held that the verdict in the *Bonczkiewicz* case established, as to these plaintiffs, that the negligence

---

[3] The statement as to the effect of the original judgment against the joint tort-feasors as given in *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 540, 52 A.2d 862, must be read in the light of the foregoing rule.

with which they were found chargeable was personal negligence on their part, independent of any negligence or lack of it on the part of Merberg. This conclusion also was correct.

The court also concluded that the personal independent negligence of these plaintiffs, as established in the *Bonczkiewicz* judgment, necessarily was the same as active or primary negligence as defined in the *Preferred Accident* case, and that consequently the plaintiffs would not be entitled to indemnity from Merberg whether Merberg was or was not negligent, since even if Merberg was negligent it and the plaintiffs would be joint tort-feasors without right of indemnity. In this conclusion there was error, and if this were the sole ground of decision, it would be reversible error.

An indemnitee may be chargeable with personal negligence, independent of any negligence of the indemnitor, and still not be chargeable with active or primary negligence. Personal independent negligence may be passive or secondary negligence. It need not necessarily be active or primary negligence. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 540, 52 A.2d 862; *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.,* 135 Conn. 307, 311, 63 A.2d 849. Indeed in each of the two foregoing cases, the indemnitee had been adjudged chargeable with personal negligence, independent of negligence on the part of the indemnitor, and it was held that in the indemnity action the indemnitee had to prove, if it could, that the negligence with which it had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active and primary.

The plaintiff in an action claiming an implied

obligation of indemnity against an independent contractor cannot recover unless he proves that " ' "the active negligence and wrong which caused the injury" . . . were the "negligence and wrong of the defendant [independent contractor] or, in other words, that the defendant was the party primarily liable for the wrongful act which occasioned the injury in respect of which the plaintiff has been compelled to pay damages." ' " *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, supra, 542 (quoting from 38 A.L.R. 566). To the same effect is *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.*, supra.

In order to recover as indemnitees, these plaintiffs had to prove that Merberg was the party primarily liable under our rule as laid down in the *Preferred Accident* case. This in turn required them to prove that at the time of the accident (1) Merberg was negligent; (2) Merberg's negligence, rather than the negligence with which these plaintiffs were found chargeable, was the direct, immediate cause of the accident and the resulting injuries and death; (3) Merberg was in control of the situation to the exclusion of these plaintiffs; *American Mutual Liability Ins. Co.* v. *Jarvis*, 112 F. Sup. 276, 278 (D. Conn.); (4) the plaintiffs did not know of Merberg's negligence, had no reason to anticipate it, and could reasonably rely on Merberg not to be negligent.

The court also based its judgment for the defendant, contrary to the plaintiffs' claim in their brief, on a second, independent ground, and this was that the plaintiffs had failed to prove that, at the time of the accident, Merberg was in control of the situation to the exclusion of the plaintiffs. Control is one of the essential elements of primary negligence

on Merberg's part and unless this ground of decision was erroneous, it would, alone, require a judgment for Merberg, and there would have been no error in the judgment of the court below to that effect. The plaintiffs pursued in their brief but three of their assignments of error directed to the finding, and each of these three was concerned with the issue of control. As two of its conclusions, the court found in effect that at the time of the accident Merberg was not in control to the exclusion of the plaintiffs, nor the plaintiffs to the exclusion of Merberg. This determination was an affirmative finding of a negative. See cases such as *Triano* v. *United States Rubber Co.,* 144 Conn. 393, 396, 132 A.2d 570. Even if it were eliminated, as the plaintiffs request, as unsupported by the subordinate facts, the plaintiffs would not be benefited, since there still would be no affirmative finding that Merberg was in control of the situation to the exclusion of the plaintiffs.

The plaintiffs seem to have perceived this and, as the final assignment of error directed to the finding and pursued in their brief, have sought an addition to the finding to the effect that Merberg "was in entire control of the demolition job including the taking of suitable precautions to prevent injury." In two other findings not attacked in the plaintiffs' brief, the court found that George Kaplan was on the job site every day and directed Merberg which walls the plaintiffs wanted taken down and which were to be left standing; that he directed Merberg to leave the front wall of the building to remove some decayed meat from his market in the rear of the premises; that this direction caused Merberg to leave the wrecking operations in the front of the building where the wall was; and that

this was the wall which eventually fell and caused the injuries and death for which recovery was had in the *Bonczkiewicz* case. The court further found that otherwise Kaplan did not direct or attempt to direct the work. The plaintiffs claim that these findings were not sufficient to support a conclusion that the plaintiffs were in partial control of the situation at the time of the accident. In this claim they overlook the burden of proof. It was for them to prove that Merberg was then in control to the exclusion of the plaintiffs. It was not for Merberg to disprove that fact. Again the court found that Kaplan acted as an agent of the plaintiffs in negotiating the demolition contract and in supervising various aspects of Merberg's work. Unless the court was compelled to find that the plaintiffs had sustained their burden of proving that Merberg was in control of the situation at the time of the accident to the exclusion of the plaintiffs, they would fail on that issue.

Whether or not one is in control of a situation is ordinarily a question of fact, and it was here. The plaintiffs in their brief failed to point to anything in their appendix which showed that Merberg admitted, or conceded to be undisputed, the fact sought to be added to the finding. Indeed, the issue of Merberg's control to the exclusion of the plaintiffs' control was contested. It follows that the addition sought by the plaintiffs cannot be made. *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. Since the issue of control was one of the essential elements, heretofore enumerated, in the plaintiffs' proof that Merberg was chargeable with primary negligence, and since without proof of primary negligence on Merberg's part the plaintiffs could not recover as indemnitees,

it is unnecessary to consider what, if any, of the other elements of primary negligence the plaintiffs did prove, and the court was not in error in rendering judgment for Merberg.

There is no error.

In this opinion the other judges concurred.