[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in this case, B.I.D., Inc., seeks indemnification from the defendant for any judgment which may be awarded against this plaintiff in the action, Patrick Fahey, PPA v. B.I.D. Inc. In that latter action the plaintiffs have sued for injuries sustained by the minor, Patrick Fahey, when he fell from the defendant's bulldozer while climbing upon it in play.
In this action, the plaintiff company seeks indemnification from the defendant, Dianne Kiely, as primarily negligent under the active/passive theory enunciated in such cases as Kaplan v. CT Page 1291 Merberg Wrecking Corporation, 152 Conn. 405, 416, 207 A.2d 732
(1965). This plaintiff claims that Dianne Kiely expressly permitted her son and implicitly permitted his seven year old companion, Patrick Fahey, to climb upon the bulldozer; she did not discourage their playing on the equipment; she assumed supervision of the children at play; and, having done so, was negligent in that supervision.
The defendant had moved for summary judgment on the basis that she owed no duty to Patrick Fahey, but was merely a bystander.
In August, 1990, the motion was granted by the court on the basis that: "Plaintiff has failed to file any contra documentation, affidavits, or memorandum of law in opposition to defendant's motion for summary judgment. After reviewing the documentation, affidavits, and deposition testimony transcripts of Dianne Kiely and Patrick Fahey, filed by the defendant in support of her motion, the court finds that no genuine issue of facts exists as to whether the defendant owed any duty to the plaintiff in this matter. The court determines that no such duty existed and summary judgment relief is appropriate."
It is obvious from the information presented to the court in August that the court was addressing whether Dianne Kiely owed any duty to Patrick Fahey and not the issue of any relationship between this defendant, Dianne Kiely, and this defendant, B.I.D., Inc.
Thereafter, that order was set aside and the motion reopened upon the representation of counsel for this plaintiff that the failure to file any timely objection and contrary documentation was inadvertent.
Plaintiff has now filed other portions of the deposition testimony of Dianne Kiely and Patrick which raise an issue of fact as to whether this defendant consented to Patrick's entry onto the bulldozer and assumed a supervisory role.
This motion for summary judgment is based expressly on the claimed lack of duty owed by Dianne Kiely to Patrick Fahey and not on the lack of any duty owed by the alleged indemnitor to this plaintiff company based on an independent legal relationship, a condition for indemnification — "We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " — required by the appellate court in Atkinson v. Berloni, 23 Conn. App. 325, A.2d (1990). CT Page 1292
Because of that limited basis for the motion and because the respective portions of the deposition testimony submitted by the parties raise an issue of fact concerning that basis, the motion is denied.
NIGRO, J.