[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD-PARTY COMPLAINT
The plaintiff brings this action against the City of Hartford (City) for injuries alleged to have been sustained by a fall on a defective sidewalk. The City has issued a third party action against the Metropolitan District Commission (MDC) in indemnity alleging that the injuries of the plaintiff were caused by the failure of the MDC to permanently repair the cuts or excavations made by the MDC pursuant to 30-70 of the City of Hartford Code. The MDC has moved to strike said complaint in that the plaintiff can only recover if the City's negligence is proved to be the sole proximate cause of the accident, and, if the City proves that the MDC is the primary tortfeasor under the theory of indemnity set out in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416, the City is not liable and the MDC is not an indemnitor.
The plaintiff herein has set out her claim against the City under the provisions of G.S. 13a-149. She claims to have been injured "by means of a defective road . . . from the party bound to keep it in repair." She alleges her own care and does not allege the negligence of another contributed to her injury. The City's indemnity action against MDC is grounded not solely in the theory of Kaplan v. Merberg Wrecking Corp. but also on 30-70 of the City of Hartford Code in which the duty MDC owes is not to the plaintiff but to the City to permanently repair any cuts or excavations of the City's sidewalk.
Parties suing must show that the defect was the sole proximate cause of the injury. It is then that the City is liable under the statute. Lamb v. Burns, 202 Conn. 158, 175, as the one who is responsible to keep it in good repair. That liability to keep the sidewalk in good repair is not shared by the MDC in the statute but arises from its duty to the City as alleged in 30-70 of the City of Hartford Code and also in the theory of indemnity set out in the Kaplan case. CT Page 4720
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. In ruling upon the motion, the court is limited to the facts alleged but must construe them most favorably to the pleaded. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. Applying this principle to the third-party complaint, the motion to strike the indemnity
The motion to strike the third-party complaint is therefore denied.
CORRIGAN, J.