[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS ROBERT CIARLO AND THOMAS CIARLO
This action based upon the complaint of Michael and Mary McClosky, husband and wife. Mr. McClosky alleges that on April 13, 1985, he was assaulted by the bartender of the Rainbow Cafe 
Lounge, 514 Frost Road, Waterbury while he and his wife were patrons in the establishment. The allegations of Mrs. McClosky is that she suffered emotional distress from watching the beating of her husband and sustained a loss of consortium. The parties-defendant are Paula Dragon, who is named as the proprietress of CT Page 7311 The Rainbow Cafe Lounge and the backer of its permittee; Paul T. Paolino, the permittee and Robert and Thomas Ciarlo, the landlords of the premises.
The case was returned to court on May 12, 1987. On March 20, 1991, the defendants Robert and Thomas Ciarlo moved for a summary judgment "because there is no genuine issue as to any material fact with respect to [their] liability." In their memorandum, the movants contend that the absence of a factual dispute requires an entry of a judgment in their favor as a matter of law.
Submitted as part of the motion are affidavits from each of the movants. Although the motion recites that the lease agreement between the movants and Paula Dragon will also be submitted, the lease was never produced. One of the clauses from the lease, however, is mentioned in the affidavits of Robert Ciarlo. In opposition to the motion, the plaintiffs have submitted an affidavit and a memorandum.
 I.
The affidavit of Thomas Ciarlo states that on April 13, 1985, he was a co-owner of 514 Frost Road but that on July 28, 1978, he entered into a written lease with Paula Dragon whereby she obtained exclusive possession of the premises. In his affidavit, Thomas Ciarlo avers that he had nothing to do with the Rainbow Cafe Lounge being operated by Paula Dragon pursuant to the lease other than to pick up the rent check every month.
Robert Ciarlo's affidavit also recites ownership of the premises and the existence of a lease with Paula Dragon a.k.a. The Rainbow Cafe Lounge. In Robert Ciarlo's affidavit, he disclaims liability because in paragraph 7 of the lease, Paula Dragon, as tenant, agreed "to indemnify [him] as landlord and to hold [him] harmless from damages to persons and property and for acts, omissions or negligence of other persons or tenants in or about the property."
The affidavit submitted by the plaintiffs is from Lt. Edward Bergin described therein as a keeper of records for the Waterbury Police Department. Contained in this affidavit is a list of 21 incidents referred to as assaults, larcenies, a burglary, a criminal mischief, a fight and a possible fight that occurred at The Rainbow Cafe Lounge from March 2, 1983 through April 28, 1985. Attached to the affidavit are police department reports of each incident.
 II.
The rules governing summary judgments are well-known. "[A] CT Page 7312 summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. The facts presented must be viewed in the light most favorable to the nonmoving party." Rawling v. New Haven, 206 Conn. 100, 104
(1988) (citations omitted).
From the affidavits filed by the defendant-landlords, the court is faced with two quite different defenses although both affiants admit ownership, apparently are related and are represented by the same attorney. Thomas Ciarlo asserts that he cannot be liable to the plaintiffs because he was not involved with The Rainbow Cafe Lounge other than to pick up the monthly rent check. Robert Ciarlo's claim of nonliability is based strictly on the indemnity clause in the lease.
With respect to the indemnity clause little need be said. "Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412 (1965); see Hammond v. Waterbury, 219 Conn. 569, 572 (1991).
Nor are the landlords entitled to a judgment before trial on the basis of Thomas Ciarlo's affidavit. The complaint alleges negligence for various reasons on the part of all the defendants. An essential element of negligence is the existence of a duty of care. Coburn v. Lenox Homes, Inc., 186 Conn. 360, 375." The ultimate test of the he existence of a duty to use care is founded in the forseeability that harm may result if the duty is not exercised. Frankovitch v. Burton, 185 Conn. 14, 21 (1981)." A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc. supra. The obvious purpose of the affidavit and attachments submitted by the plaintiffs is to show the existence of such circumstances.
 III.
Robert and Thomas Ciarlo have not shown an absence of a factual dispute that entitles them to a summary judgment as a matter of law. Their motion is denied.
BARNETT, J. CT Page 7313