[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party defendant, Parking Products, Inc., has moved to strike the Third-Party Complaint of SMR-85-1, Limited Partnership, for failure to state a legally sufficient claim for common law indemnification. The plaintiff seeks damages arising from the alleged negligence of the defendant, SMR in the "activation" and "operation and maintenance" of parking apparatus. The defendant claims indemnification from any judgment awarded the plaintiff from third-party defendants, G.F. O'Neill Associates and Parking Products. Inc.
At the outset, it is noted that the third-party plaintiff, notwithstanding the provisions of 155, filed no memorandum of law in opposition to Parking Products, Inc.'s motion to strike. At issue are claims seeking to hold the third party defendant liable for injuries sustained by the plaintiff as a result of the defendant's (third-party plaintiff) alleged negligence. The plaintiff's complaint sounds only in negligence. The third party plaintiff's theory of indemnification based upon a statutory "product liability" claim is legally insufficient. General Statutes, Section 52-572m(b) affords no basis whatsoever for this claim. Since the plaintiff made no claim of injury pursuant to the product liability statute, the third party plaintiff has no standing to assert such a claim.
That portion of the motion to strike the prayer for relief, seeking contribution pursuant to General Statutes, Sections 52- 572o and/or 52-572h, should, under the rules of practice, more properly be addressed by way of a request to revise. Practice Book, section 147. The thrust of the motion is that the prayer for relief is "improperly contained within the body of [the complaint] in violation of General Statutes, Section 52-91 and Practice Book, Section 131." However, that becomes moot in light of the decision to grant the motion to strike the entire third party amended complaint as it applies to the third party defendant therein.
In Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405
(1985), the Supreme Court, noting the general rule that "there is CT Page 10219 no right of indemnity or contribution between joint tort-feasors", addressed the common law exception to the rule where one party's active negligence relative to another party's passive negligence is the proximate cause of a plaintiff's injury. The court articulated four elements necessary to be alleged and proved in order to prevail on a claim of active/passive indemnity. See, Kaplan, supra, at 416. The elements are: (1) that the third party defendant is negligent; (2) that the negligence of the third party defendant, rather than the defendant's own negligence, must be the "direct immediate cause of the accident and resulting injuries"; (3) that the third party defendant "was in control of the situation to the exclusion of" the defendant; and (4) that the defendant did not know of the the third party defendant's negligence, had no reason to anticipate it and could reasonably rely on the defendant not to be negligent. Id. In the instant case, there is no allegation by the third party plaintiff that Parking Products, Inc. was in control of the situation to the exclusion of the third party plaintiff nor are any facts alleged to support the claim of negligence.
Since the [plaintiff's] underlying claim sounds solely in negligence, there is no legal basis for a claim of contribution pursuant General Statutes, Section 52-572o. Moreover, the claim for contribution in the prayer for relief must necessarily fail. General Statutes, Section 52-572h(h)(1) and (2) provides that:
 A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party' proportionate share of such judgment. (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim.
Absent a judgment, a claim of contribution by the third party plaintiff is premature and improper in the prayer for relief.
The motion to strike is granted.
BY THE COURT LEANDER C. GRAY, JUDGE CT Page 10220