[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT ALLSTAR BEVERAGES AND PEPSI COLA BOTTLING COMPANY'S MOTION TO STRIKE THE FIRST COUNT INDEMNITY CLAIM FROM THE REVISED THIRD PARTY COMPLAINT CT Page 7946
The plaintiff Anthony D'Andrea brought this case against the defendant Johnsonville Foods d/b/a Perri Sausage, after several bottles of Pepsi Cola fell on him while he was engaged in working on the computer system of the defendant Johnsonville Foods. Johnsonville Foods then brought a third party complaint against Alistar Beverages and Pepsi Cola in which it claimed indemnity in the first count against both beverage companies; and in the second count apportionment of liability, pursuant to C.G.S. 52-572h among the third party plaintiff and both third party defendants. The third party defendants Alistar Beverages and Pepsi Cola now move to strike the first count indemnity complaint on the basis that it is insufficient as a matter of law because it does not contain sufficient allegations of fact showing that: (1) an independent legal relationship existed between the third party defendant Alistar Beverages or Pepsi Cola Bottling Company and the third party plaintiff Johnsonville Foods d/b/a Perri Sausage that created any unique duties upon the third party defendants; (2) the third party was in exclusive control of the case of soda that fell or the room where the soda was stacked at the time of the injury caused to Mr. D'Andrea; and (3) the third party defendants' negligence was the direct and immediate cause of the plaintiff's accident instead of any wrongful conduct on the part of the third party plaintiff.
For the general tort liability indemnification theory to apply, the third party defendant beverage companies would have to be "in control of the premises at the time of Mr. D'Andrea's injury to the exclusion of the third party plaintiff. . . ." Kaplan v. Merberg Wrecking Co., 152 Conn. 405, 416-417. See also Eaton v. May Department Store Co., 8 CSCR 270-271. The third party complaint states that the third party defendant, Pepsi Cola Bottling Company, was in control of the delivery and stacking of soda cases to the exclusion of Johnsonville Foods, but does not plead exclusive control of the premises by either third party defendant. The third party complaint is legally insufficient for lack of the allegation of exclusive control on the part of either beverage company of the premises which the plaintiff claims was defective and caused his injury.
The third party complaint, first count, sounding in indemnification is ordered struck.
Flynn, J.
ORDER
Motion to strike #160 is granted as to the first count of the third party complaint only.
Flynn, J. CT Page 7947