[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendant, Grossman's, Inc., has moved to strike the third party complaint filed by the defendant, James Mitchell, as to all five accounts of that complaint.
By agreement of the parties, the first, third, fourth and fifth counts may be stricken. The court, therefore, needs only to address the motion to strike the second count.
The defendant, James Mitchell, was removing paint from CT Page 3084 his house, assisted by the plaintiff, Daniel Johnson. They were standing on a wooden scaffolding which collapsed causing both to fall to the ground and become injured. Johnson brought an action against Mitchell alleging various acts of negligence including the inadequacy of the scaffolding and the defective nature thereof. Thereafter, Mitchell brought a third party action against Grossman's alleging that he had purchased the wood for the scaffolding from Grossman's and that it collapsed because of the poor quality of the wood sold to him by Grossman's and used in the scaffolding.
In his second count, Mitchell seeks common law indemnification from Grossman's claiming that Grossman's negligence in supplying defective wood was active negligence. To recover under this theory, active/passive negligence, Mitchell must allege and prove that Grossman's was primarily liable for the accident. Kaplan v. Murberg WreckingCorporation, 152 Conn. 405 (1965).
Kaplan sets forth four elements of required proof:
1. the third party defendant was negligent;
 2. such negligence was the direct and immediate cause of the accident and resulting injuries;
 3. the third party defendant was in control of the situation to the exclusion of the third party plaintiff;
 4. the third party plaintiff did not know of the third party defendant's negligence, had no reason to anticipate it and could reasonably rely on the third party defendant not to be negligent.
In addition, there was an independent legal relationship between Mitchell and Grossman's as between buyer and seller of the wood. The allegation in the case clearly supports a cause of action for indemnity. All four of the conditions of Kaplan
have been met. Mitchell has alleged that if the scaffold was defective it was because of the negligence of Grossman's in supplying the wrong wood or in supplying defective wood. The court, therefore, finds that the second count does state a valid cause of action. CT Page 3085
The motion to strike is denied.
D. Michael Hurley Judge Trial Referee