[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #118
CT Page 9630
FACTS
On March 21, 1997, the plaintiff[1], Merritt 7 Venture, LLC, filed a four-count second amended revised complaint seeking recovery for breach of contract, negligence, indemnity and CUTPA. In count one, the plaintiff alleges that, on or about October 24, 1995, the plaintiff and the defendant orally agreed that the defendant would apply insecticide to certain corporate offices occupied by the EMCOR Group (EMCOR) for a certain sum of money. (Second Amended Revised Complaint, count one ¶ 3.) The defendant allegedly breached its contractual obligations by defectively rendering service. (Second Amended Revised Complaint, count one ¶ 4.) Specifically, the plaintiff alleges that the defendant did not properly clean up the residue left by the spraying, did not properly ventilate the office area and did not use an appropriate insecticide. (Second Amended Revised Complaint, count one ¶ 4.) The plaintiff further alleges that it had performed all of its contractual obligations and that it suffered damages as a direct consequence of the defendant's breach. (Second Amended Revised Complaint, count one ¶¶ 5, 6.)
In count three, the plaintiff realleges paragraphs one through six of count one and further alleges the following. A number of EMCOR's employees had allegedly become ill as a result of the defendant's alleged negligent spraying. (Second Amended Revised Complaint, count three ¶ 7.) An agent for EMCOR's workers' compensation carrier sent written notice to the plaintiff informing it that an EMCOR employee had filed a claim arising from the application of insecticide on the EMCOR offices. (Second Amended Revised Complaint, count three ¶ 8.) The plaintiff further alleges that the defendant's negligent application of the insecticide was the direct, immediate cause of any resulting injuries and damages to EMCOR employees. (Second Amended Revised Complaint, count three ¶¶ 9, 12.) The defendant had exclusive control over the application of the pesticide, and the plaintiff did not know of the defendant's negligence in advance, had no reason to anticipate it and reasonably relied on the defendant not to be negligent. (Second Amended Revised Complaint, count three ¶¶ 10, 11.)
In count four, the plaintiff realleges paragraphs one through six in count one and further alleges that the defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA) and CT Page 9631 that the plaintiff has suffered an ascertainable harm as a result of the defendant's violation of CUTPA. (Second Amended Revised Complaint, count four ¶¶ 7, 8.)
On April 3, 1997, the defendants filed a motion to strike counts one, three and four of the second amended revised complaint and a supporting memorandum of law. On April 18, 1997, the plaintiff filed an objection to the defendant's motion to strike, and, on May 1, 1997, the defendant filed a reply memorandum to plaintiff's opposing memorandum.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. . . ." (Citations omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2.,650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
Count One — Breach of Contract
The defendant argues that count one of the plaintiff's second amended revised complaint is legally insufficient because the plaintiff did not state a contractual provision that was breached by the defendant's alleged conduct. The plaintiff counters that count one of the second amended revised complaint is legally sufficient even though it does not allege that the defendant expressly agreed not to perform the contract negligently.
"`The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages.'"Paglia v. The McCue Mortgage Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 114424 (Aug. 11, 1994, Sylvester, J.) quoting Posner v. Minnesota Mining Mfg.Co., Inc., 713 F. Sup. 562, 563 (E.D.N.Y. 1989). CT Page 9632
The plaintiff's second amended revised complaint satisfies all of the elements for a breach of contract claim. The plaintiff has alleged the formation of an agreement in paragraph 3 of the first count; the performance by one party in paragraph 5 of the first count; breach by the other party in paragraph 4 of the first count; and damages in paragraph 6 of the first count. Therefore, the first count of the second amended revised complaint is legally sufficient and, accordingly, the court should deny the defendant's motion to strike this count.
Count Three — Indemnification
The defendant argues that count three of the second amended revised complaint is legally insufficient because, in count three, the plaintiff seeks indemnification based on active/passive negligence without alleging that the plaintiff has been charged with any passive negligence or that any claim has been asserted against the plaintiff. The plaintiff counters that it is not required to admit negligence to assert an indemnification claim against the defendant.
"Ordinarily, there is no right of indemnification between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . ." (Citations omitted.) Kyrtatas v. Stop Shop,Inc., 205 Conn. 694, 697-98, 535 A.2d 357 (1988); Kaplan v.Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732
(1965).
To plead a cause of action for indemnification based upon active-passive negligence, the party seeking indemnification must allege that "at the time of the accident: (1) the party against whom indemnification is sought was negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could have reasonably relied on the charged party to act without negligence." Kaplan v. Merberg Wrecking Corporation, supra,152 Conn. 416; Burkert v. Petrol Plus of Naugatuck, Inc.,
CT Page 9633216 Conn. 65, 74, 579 A.2d 26 (1988).
In support of its argument, the defendant relies on Malerbav. Cessna, 210 Conn. 189, 198, 554 A.2d 287 (1989) for the proposition, that "[a]n indemnitee . . . must prove that the negligence with which it had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active or primary." Here, the plaintiff in its second amended revised complaint alleges that "[t]he Plaintiff has received written notice of a claim by an EMCOR employee . . . from an agent for EMCOR's workers' compensation carrier . . . arising out of the application of insecticide by the Defendant at the Premises." (Second Amended Revised Complaint, count three ¶ 8.). Thus, the plaintiff has alleged that it has been charged with negligence.
Therefore, count three of the second amended revised complaint is legally sufficient and accordingly, the court should deny the defendant's motion to strike this count.
Count Four — Connecticut Unfair Trade Practices
The defendant argues that count four of the plaintiffs second amended revised complaint is legally insufficient because count four does not contain any allegations of unfair, fraudulent, deceptive or immoral conduct. The plaintiff counters that the defendant has acted against public policy by improperly using insecticide.[2]
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets omitted; citations omitted; internal quotation marks omitted.) CT Page 9634Fink v. Golenbock, 238 Conn. 183, 215, 680 A.2d 1243 (1996).
Here, the second amended revised complaint does not allege facts supporting any of the three prongs of the `cigarette rule'; rather, the plaintiff merely realleges its breach of contract claim and summarily states that the defendant's actions constitute a violation of CUTPA. (Second Amended Revised Complaint, count four ¶ 7.) See S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993) ("A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based."); see also Chernet v. Town of Wilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket # 108840 (September 28, 1990, Cioffi, J.) (2 Conn. L. Rptr. 475) ("[T]o withstand a motion to strike for legal insufficiency, [the] plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy."). Therefore, count four of the second amended revised complaint does not sufficiently allege a CUTPA claim and, accordingly, the court should grant the defendant's motion to strike this count.
CONCLUSION
Counts one and three of the plaintiff's second amended complaint are both legally sufficient and, accordingly, this court denies the defendant's motion to strike these counts. However, count four of the plaintiff's second amended complaint does not sufficiently allege a claim for unfair trade practices and, accordingly, this court grants the defendant's motion to strike count four.
MINTZ, J.