[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DENYING MOTION TO STRIKE
CT Page 5289
The defendant/third-party plaintiff ("Fantarella"), has filed a three count third-party complaint against the third-party defendant ("Nathanson"), seeking indemnification for any damages and losses suffered by Fantarella in the underlying action and costs, expenses and attorneys fees incurred in defending the underlying action. Nathanson has now filed a motion to strike the entire third-party complaint on the ground that Fantarella fails to allege any facts which would establish a right to indemnification from Nathanson. Fantarella's allegations do not state the elements of active or primary negligence necessary to maintain a cause of action for common law indemnification.
However, even though Fantarella fails to state a common law cause of action based on active or primary negligence, it does not necessarily follow that Fantarella has failed to entirely state a cause of action for indemnification. It is a general principle of law that, provided that there exists an express or implied contractual relationship, a right of indemnity exists whenever one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other. 41 Am. Jur.2d 364, Indemnity, § 25 (1995). As stated in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 207 A.2d 735
(1965); an indemnification action "is also maintainable in contract for breach of an implied obligation to exercise reasonable care in the performance of a contract." Id., 410.
The first count alleges that Nathanson is responsible for Fantarella's damages in that: 1) Nathanson breached the agreement between the parties by failing to conduct an examination of title in accordance with professional standards; 2) Nathanson expressly or impliedly certified to the Fantarellas that they would receive good title to the property; 3) that Nathanson failed to furnish or arrange title insurance, or in the alternative, make the Fantarellas aware of the existence and need for title insurance; and 4) the third-party plaintiffs relied on the professional services rendered by Nathanson. The second and third counts of the third-party complaint makes similar allegations in regards to Nathanson's representation of the Fantarellas in two subsequent mortgage transactions.
While Fantarella could and perhaps should have spelled out his complaint more clearly, there is enough pled to withstand the CT Page 5290 attack on its legal sufficiency.
Motion to strike, DENIED.
Flynn, J.