[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CROSS CLAIM FOR INDEMNIFICATION
FACTS AND SUMMARY OF PROCEEDINGS
The above-entitled action arose out of a slip and fall incident that occurred on March 3, 1992 at One Constitution Plaza. The plaintiff brought suit against the owner of the property, Colonial Constitution Limited Partnership. The managing agent, Constitution Management Corporation and Hinman's, Inc., the independent contractor hired to remedy and remove ice and snow. By cross-claim dated July 18, 1994 the managing agent, Constitution Management Corporation sought indemnification from CT Page 300 the contractor, Hinman's under a theory of active passive negligence. The defendant, Colonial Constitution Limited Partnership, the owner of the real estate was defaulted for failure to appear. Following the jury verdict the trial judge conducted a hearing in damages on the claim against the property owner and awarded $28,513.48 of economic damages; $115,000.00 of non-economic damages; and total damages of $143,513.00. This award was made on September 3, 1999.
Previously on September 1, 1999 the jury had rendered a verdict in the matter. The jury found that the defendant, Constitution Management Corporation and Colonial Constitution Limited Partnership shared control of the premises where the plaintiffs claimed to have fallen. The jury further found that the negligence of the defendant, Constitution Management Corporation was the proximate cause of the injuries to the plaintiff Nyla Siade. The jury further found that the negligence of the defendant Hinman's, Inc., if any, was not the proximate cause of injuries to the plaintiff.
The jury awarded damages against the defendant management company. Economic damages were found to be $3,580.00; noneconomic damages were found to be $167,849.00; and total damages $171,429.00. The damages were reduced by 30% because of the negligence of the plaintiff Nyla Siade.
DISCUSSION
Both in the present matter and in an earlier motion to set aside the verdict the defendant management company argued strenuously that the verdict is inherently inconsistent in finding the management company liable but exonerating the contractor hired to do the work.
The elements of common law indemnification are well settled. The management company is entitled to indemnification if: (1) Hinman's was negligent; (2) Hinman's negligence rather than the negligence of Constitution Management was a direct immediate cause of the accident and resulting injuries; (3) Hinman's was in exclusive control of the situation; and (4) Constitution Management did not know of Hinman's negligence and could not reasonably rely on Hinman's not to be negligent. Kaplan v.Merberg Wrecking Corp., 152 Conn. 405, 416 (1995). While the jury's result is somewhat surprising to the court, the court does not agree that there is no set of facts under which the jury CT Page 301 could find the management company responsible without finding the contractor responsible. Since Hinman's negligence is an essential element in Constitution Management's common law identification claim and since the jury has concluded that Hinman's was not negligent, the indemnification claim is denied.
Booth, J.