[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE CROSS-CLAIM
The plaintiff, Camela Brett, filed an amended complaint consisting of four counts on October 4, 1999. In the first count, the plaintiff alleges that the defendant Homeworks Home Inspections, Inc. (Homeworks) negligently inspected a house purchased by the defendant. In the second count, the plaintiff alleges that Homeworks, in negligently performing the inspection, breached its contract with the plaintiff. In count three, the plaintiff alleges that the defendant Maria Chumpitazi and her employer DeWolfe Company, Inc., committed negligence and breach of fiduciary duty in arranging to have Homeworks inspect the house. In count four, the plaintiff alleges that Homeworks violated the Connecticut Unfair Trade Practices Act.
On November 16, 1999, the defendants Maria Chumpitazi and DeWolfe Company, Inc. (collectively, DeWolfe) filed a cross-claim against Homeworks seeking indemnification. DeWolfe alleges that Homeworks exercised exclusive control over the inspection of the house and performed the inspection negligently; that Homeworks' negligence was the direct cause of any liability to the plaintiff; and that DeWolfe had no knowledge of any negligence, carelessness or improper acts on the part of Homeworks, had no reason to anticipate such negligence, carelessness or improper actions, and could reasonably rely upon Homeworks not to be negligent.
On November 26, 1999, Homeworks filed a motion to strike the cross-claim on the ground that "there is no cause of action for common law indemnification based on active/passive negligence where the purported indemnitor was not `in exclusive control of the situation.'" As required by Practice Book § 10-42, DeWolfe and Homeworks have each submitted a memorandum of law.
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any . . . cross-claim . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.CT Page 2008United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "A motion to strike admits all facts well pleaded. . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588.
In its cross complaint, DeWolfe seeks indemnity from Homeworks. "In an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another. . . . [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." (Internal quotation marks omitted.) Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 697-98 n. 3, 694 A.2d 788
(1997). "Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." (Internal quotation marks omitted.) Id., 697. "Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence. . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.)Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698-99,535 A.2d 357 (1988).
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citation omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990); see also Skuzinski v. Bouchard Fuels,Inc., supra, 240 Conn. 698.
Homeworks argues that DeWolfe has failed to plead facts CT Page 2009 sufficient to establish an action for common-law indemnification. Specifically, Homeworks argues that the third of the four required elements of common-law indemnification, "that [Homeworks] was in control of the situation to the exclusion of [DeWolfe]," is lacking. Homeworks states: "In this case, it cannot be said that Home Works Home Inspection, Inc. was in `exclusive control of the situation.' Although DeWolfe and Chumpitazi allege that Home Works `exercised exclusive control over the inspection,' the inspection itself is not the factual basis of liability alleged against those defendants. Rather, the plaintiff's claims against the defendants are based on completely different factual situations. The defendants DeWolfe Company and Maria Chumpitazi are alleged to have been negligent and to have breached their fiduciary duties to the plaintiff prior to
February 23, 1999 when they allegedly made recommendations and arranged for a home inspection. . . . To be entitled to indemnification, these defendants must plead and prove that Home Works Home Inspections was in `exclusive control' of that `situation,' e.g. the pre-inspection dealings and relationship with the plaintiff." (Emphasis in original.)
Homeworks' argument, therefore, depends on its contention that the relevant "situation" is DeWolfe's original referral rather than the inspection itself. Homeworks fails, however, to cite any authority in support of this conclusion. In fact, the appellate authority leads to the opposite conclusion. As discussed above, the four elements which a party seeking indemnification must prove constitute a test for whether the negligence of the proposed indemnitor is primary or active negligence. Burkert v.Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74. The first two elements, if proven, establish that the proposed indemnitor was in fact negligent and that its negligence was the direct, immediate cause of the original plaintiff's injuries. The purpose of the third element is to deny relief where the party seeking to be indemnified was itself involved in that direct, immediate cause.
"The situation," therefore, must be the set of circumstances that constitute the direct, immediate cause of the injuries. If "the situation" were interpreted to include some other, more remote negligence of the proposed indemnitee, the result would be to deny indemnification in any case where the proposed indemnitee was itself negligent, whether directly or indirectly. This result would contradict the law of indemnification as established by our appellate courts. As discussed above, the purpose of the CT Page 2010 four-element test is to allow one tortfeasor to be reimbursed by ajoint tortfeasor where the latter is primarily liable and the former is merely secondarily liable.
Similarily, Homeworks argues that it may not be made to indemnify DeWolfe because the plaintiff's complaint alleges independent liability on the part of DeWolfe. Our Supreme Court disagrees and has explicitly held that a joint tortfeasor may be indemnified even if it is independently, personally liable. "An indemnitee may be chargeable with personal negligence, independent of any negligence of the indemnitor, and still not be chargeable with active or primary negligence. Personal independent negligence may be passive or secondary negligence. It need not necessarily be active or primary negligence." Kaplan v.Merberg Wrecking Corp. , 152 Conn. 405, 41 5, 207 A.2d 732 (1965).
Applying these principles to the present case, and viewing the facts in the light most favorable to DeWolfe, the motion to strike must be denied. The plaintiffs may prove that Homeworks and DeWolfe were both negligent. Homeworks in turn may be able to prove that Homeworks' negligent inspection was the direct, immediate cause of the plaintiff's injuries and that Homeworks was in exclusive control of that inspection. Therefore, the cross complaint states a claim which could, if proved, entitle DeWolfe to relief.
The motion to strike the cross-claim is therefore denied.
Martin, J.