[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant corporation (YMCA) has moved for summary judgment as to both the complaint and a cross complaint filed against it by the co-defendant, Mark Knibbs (Mr. Knibbs). The injuries claimed by the plaintiff are alleged to have occurred when he was on the premises of a skating park maintained by the YMCA, intervened on behalf of a group of young boys who were involved in an altercation with a group of older, teenage boys and was punched in the jaw by the Mr. Knibbs.
As to the plaintiff, the YMCA seeks summary judgment, first, on the ground that there was no causal connection between its actions and the plaintiff's injuries. It claims that its actions were neither the cause in fact nor the proximate cause of the plaintiff's injuries and that the actions of Mr. Knibbs were a superseding cause, relieving it of legal responsibility for any injuries the plaintiff may have suffered. All of these are issues to be resolved at trial. There are genuine issues of material fact, and the YMCA, on this record, is not entitled to judgment as a matter of law.
An issue which can be resolved on its summary judgment is the legal effect of a waiver signed by the plaintiff before he entered upon the skating park. The waiver provides in relevant part: "I have read the above information and understand that is it my responsibility to skate safely while at the program. I also understand that the Southington Community YMCA and YMCA staff are not liable for any injuries or accidents that may occur. I understand that NO legal action against any of the parties listed above will take place." (Emphasis original.)
The Supreme Court has not yet decided whether waivers of negligence claims by adult participants in sporting events are enforceable. In general, "[t]he law does not favor contract. provisions which relieve a person from his own negligence. . . Such provisions, however, have been upheld under proper circumstances." (Citations omitted.) Griffin v.Nationwide Moving Storage Co., 187 Conn. 405, 413, 446 A.2d 799
(1982). "It is [a] general policy that [p]arties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where public interest required performance." (Internal quotation marks omitted.) Lombardo v. Maguire Group, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 77767 (June 6, 1997, Arena. J.). CT Page 3784
Courts have seemed to take two views regarding the language. that must be included in a waiver agreement for the purpose of barring negligence claims against an owner of a facility or its employees. "Some courts require that specific language be included alerting the patron that he or she waives any claim for injury caused by the actual negligence of the facility operator. Other courts disagree with this view. They take the position that exculpatory agreements must be strictly construed but hold that the word "negligence' need not be used; the operator of a sports facility can be protected by an agreement in which the patron releases the operator from "any claim.'" (Internal quotation marks omitted.)Slauson v. White Water Mountain Resorts of Connecticut, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 432460 (May 30, 2001, Jones, J.).
The majority of trial courts that have recently addressed this issue, as well as the trial court decisions cited by the parties to this action, take the position that specific language, i.e., the word "negligence," must be used to waive effectively claims for negligence against facility operators. In Slauson the court followed the reasoning of Bashura v. Strategy Plus, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 50871 (November 20, 1997,Corradino, J.) (21 Conn.L.Rptr. 59, 61). and held that in order for a claim of negligence to be waived effectively against an operator of a facility, the exculpatory agreement must "specifically alert the patron that he or she by signing the waiver is releasing the operator of the facility from injury caused by the operator's own negligence." Slausonv. White Water Mountain Resorts of Connecticut, Inc., supra, Superior Court, Docket No. 432460. These courts reasoned that this is the better approach because "[w]hat may be common sense to judges and lawyers who are used to interpreting the ambit of legal phrases is not necessarily obvious to the nonlawyer public who by signing these agreements give up valuable rights.
. . . [Furthermore,] such a rule does not impose a great burden on the operator; small changes in liability waivers can now be made with a computer and a printer." (Citation omitted; internal quotation marks omitted.) Id.
The court in Malin v. White Water Mountain Resorts of Connecticut,Inc., Superior Court, judicial district of New Haven, Docket No. 432774 (March 16, 2001, Blue, J.) (29 Conn.L.Rptr. 374), also held that a release from liability does not absolve the defendant of its own negligence. The court reasoned that the waiver form only absolves an operator of a facility of its own negligence if the contract "clearly, unequivocally, specifically, and unmistakably express [es] the parties' intention to exculpate the [defendant] from liability resulting from its CT Page 3785 own negligence. . . . ." Id., 375. The court went on to hold that "although the form absolves White Water from the inherent risks of snowtubing, it fails to state that White Water's negligence is one of those inherent risks." Id., 376.
Where the waiver does explicitly absolve the defendant from liability for its own negligence, Superior Courts have held the language contained in the waiver form is sufficient to release the facility owner from liability. For example, in Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 579993 (July 24, 2000, Wagner, J.) (27 Conn.L.Rptr. 610, 611), the court held that the release involved in that case was sufficient to release the owner from liability. The court reasoned that the language contained in the waiver was determinative of the outcome with regard to holding a facility. owner negligent because, unlike in Bashura, the language of the release "specifically states that the participant is releasing all of the involved parties from liability for damages resulting from the negligence of those parties, including the operator [of the facility]." Id.
In Salvatore v. 5 D's, Inc., Superior Court, judicial district of Waterbury, Docket No. 153131 (February 20, 2001, Doherty, J.) (28 Conn. L. Rptr. 714), the court also upheld the validity of a waiver form. The waiver involved, however, in addition to language specifically referring to the negligence of the releasees, employed "language relieving the defendant of liability in the event a patron suffers an injury through the use of defective equipment", and that put the plaintiff there on notice that the waiver released the skating rink from injuries caused by its own negligence. Salvatore v. 5 D's, Inc., supra,28 Conn.L.Rptr. 716 n. 1.
While it is important to note the different outcomes among the Superior Courts in cases of this kind, it is more important to note that these cases apply the same line of reasoning, and there does not seem to be any real split. The cases that have upheld the validity of a waiver form made reference to the specificity of the language in the waiver form as a basis for their holding. For example, the waiver forms in the cases that have held for the defendant use specific language such as the word "negligence." Where the parties did not raise the specificity or scope of the waiver or include the word "negligence" in the waiver, the courts have denied defendants' motions for summary judgment.[1]
The YMCA's waiver form does not contain specific language alerting patrons like the plaintiff that the waiver releases the YMCA from claims for injuries caused by its own negligence. For this reason the waiver does not impair the plaintiff's right to sue the YMCA for damages. CT Page 3786
For the reasons stated, the YMCA'S motion for summary judgment as to the plaintiff is denied.
The YMCA's summary judgment motion directed at the cross complaint of its codefendant, Mr. Knibbs, also raises the issue of the effect of his signing the same waiver as the plaintiff signed. I need not reach that issue, however, because I agree with the YMCA that Mr. Knibbs cannot prove the elements of common law indemnity upon which his cross complaint is based.
In his response to the YMCA's request to admit, attached to the motion for summary judgment on the cross complaint as Exhibit B, Mr. Knibbs has admitted to striking the plaintiff, as the plaintiff has alleged. Given that admission, he cannot prove two essential elements of a common law indemnity claim; viz., that the negligence of the YMCA was the direct, immediate cause of the plaintiff's injuries, and that the YMCA was in control of the situation, i.e., "the dangerous condition that gives rise to the [injury]", Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 706
(1997), to the exclusion off Mr. Knibbs. See Kaplan v. Merberg WreckingCorp., 152 Conn. 405, 416 (1965).
Accordingly, the YMCA's motion for summary judgment on the cross complaint is granted.
BY THE COURT
______________________ Joseph M. Shortall, J.