[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNTERCLAIM (#108)
The present action arises out of a motor vehicle accident in which the plaintiff, Eugene Rodar, the owner and operator of one of the vehicles, and his passenger, the plaintiff, Lawrence Gill, sustained injuries as a result of the alleged negligence of the defendant, Charles Johnson. At the time of the accident, the motor vehicle operated by Johnson was owned by the defendant City of Bridgeport (City). The plaintiffs allege that Johnson was operating the vehicle in the performance of his duties as an agent and/or employee of the City and within the scope of his employment.
On June 21, 1995, the defendants filed an answer, special defenses and a one-count counterclaim. In the counterclaim, the defendants allege that Rodar was negligent in the operation of his vehicle, and ask that any damages awarded to Gill be paid by Rodar.
The purpose of a motion to strike is to contest the legal CT Page 8714 sufficiency of the allegations of any complaint or counterclaim to state a claim upon which relief can be granted. Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161, 171,540 A.2d 1185 (1988).
The defendants do not allege in their counterclaim that they seek an apportionment of liability. Thus, in reading the counterclaim in the light most favorable to the pleader, the counterclaim appears to seek contribution from Rodar, as the defendants pray that any damages awarded to Gill, who at the time of the accident was a passenger in Rodar's vehicle, be paid by Rodar. There is no common law right to contribution between joint tortfeasors. Sims v. Honda Motor Co., Inc., 225 Conn. 401, 417,623 A.2d 995 (1993); Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 412, 207 A.2d 732 (1965).[1] Accordingly, the court grants the plaintiff's motion to strike the defendants' counterclaim for contribution on the ground that such a counterclaim is legally insufficient.
BALLEN, JUDGE