[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM
In this case an employee of Massaro Catering Services (Massaro) fell into an excavation hole on property owned by the defendant Ponte Club. The employee sued the Club and also the North American Construction Company.
The Ponte Club has filed a two count counterclaim against Massaro based on "implied contractural indemnity (first count), and "common law indemnity based in negligence" (second count). Massaro has filed a motion to strike claiming this action is barred by the exclusive remedy provision of the workers' compensation act. Since this is a motion to strike I must give the counterclaim that reading which is the most favorable to the non-moving party, here the Ponte Club.
The controlling case is Ferryman v. Groton, 212 Conn. 138
(1989) and its language at pages 144-145.
 When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a CT Page 3882 `secondary' wrongdoer, the great majority of jurisdictions disallow this claim. 2A A. Larson, supra, § 76." (emphasis added, see Ryan doctrine infra.)
The Ponte Club in paragraph 7 of its counterclaim alleges that "pursuant to an oral agreement" Massaro "agreed to undertake to renovate and expand the kitchen area of the premises in a workmanlike manner, and further agreed the renovations and expansion would be completed at Massaro Catering Service's own expense, except for cost of materials." It is further alleged the plaintiff fell at a location that was part of the renovation and expansion of the kitchen area and under the control and possession of Massaro.
In Ryan Stevedoring Company v. Pan Atlantic Steamship Corp.,350 U.S. 134 (1956) the Supreme Court held that in a contract to perform stevedoring operations the Stevedoring company impliedly agreed with the shipowner to perform its services in a workmanlike manner and to indemnify the shipowner for any liability it might incur as a result of the Stevedoring Company's failure to live up to this implied agreement. This so-called Ryan doctrine was used in the federal courts to rebut employers' "exclusive remedy" defenses to indemnity claims by third party's otherwise subject to suit by an employee covered under the workers' compensation act. Congress has repealed the Ryan liability in many areas but it still remains viable in state cases, is discussed in Larson's
Compensation Law Vol. 213, § 76.60 et seq. and alluded to in the above quote form Ferryman which quoted directly from an earlier edition of Larsen.
The Ryan case has lead to extremely complex litigation involving numerous suits. As Larsen notes the basis for Ryan is the notion that recovery is not on "account of the injury" (barred by the act) but "on account of the contract." Larsen goes on to note that the matter is settled in federal jurisprudence but Ryan
is not "beyond the area of legitimate disagreement. One could still contend that, in a sense, the recovery is on account of the injury even here, in that it was the injury that triggered the contractural obligation and determined its size." Larsen at § 72.62(a) pages 14-174—14-175.
Ryan may apply here to save the theory that is apparently being advanced in the first count. The problem, however, is that it is never explicitly alleged what if any relationship North CT Page 3883 American Construction Company had to Massaro, the Ponte Club and the excavation and renovation work actually being done. If Massaro retained North American to do the work perhaps a Ryan claim can be made. If the first count is amended to appropriately describe the aforementioned relationship, the court can better address the complicated issues raised by the Ryan doctrine and whether it should apply to an entity in Massaro's position that hired a contractor to do the renovation work.
Since the implied contractural indemnity theory of the first count is only based on the contractor obligation theory set forth in Ryan and alluded to in Ferryman, as presently worded I will sustain the motion to strike as to the first count.
The second count should be stricken since it asserts no viable theory under Ferryman to avoid the holding of that case that even a primarily liable tortfeasor, Kaplan v. Merberg Wrecking Corp.,152 Conn. 405 (1965) can rely on the protections afforded to it as an employer under the exclusive remedy provisions of the workers' compensation act, see 212 Conn. at pp. 142-143. As the court said on p. 144 to allow an indemnification action against the employer an "independent legal duty" must be found an "active/passive negligence relationship . . . would be inadequate."
The second count is also stricken.
Thomas Corradino, Judge