[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 104)
A. FACTS:
The plaintiff, George Campbell Painting Corporation, entered into several contracts ("Contracts") with the defendant, State of Connecticut[1], for the extensive rehabilitation and painting of several bridges. The Contracts specified dates that the work was to be completed. The plaintiff alleges that while sandblasting bridges under the contract, the plaintiff discovered a "blue colored substance (the "Substance") between the coating and the steel substrate." The plaintiff further alleges the Substance was a "metal resin acid compound which physically etched the surface and created a chemical bond with the substrate, and that the Substance must be substantially removed in order to perform the painting required under the Contracts." The plaintiff alleges it immediately notified the defendant of the Substance and that it was relying on Article 1.04.04 of the Department of Transportation's Standard Specifications for roads, Bridges and Incidental Construction Form 814 and Supplemental Specifications to Standard Specifications, July 1992. This suit was commenced as a result of the defendant's alleged failure to agree to an extension of the completion dates and payment of the additional costs incurred.
B. DISCUSSION:
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." Third Taxing District v. Lyons, 35 Conn. App. 795, CT Page 4109-MM 803, 647 A.2d 32 (1994). "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Antinerella v. Rioux,229 Conn. 479, 489, 642 A.2d 699 (1994).
The defendant alleges that § 4-61's limited waiver of sovereign immunity does not apply to the plaintiff's second, third, fifth, sixth, seventh and eighth counts. The defendant alleges the second count alleges a tort cause of action; the third count appears to request the court to grant an extension of time for contract performance; the fifth count alleges misrepresentation arising out of the awarding of the contract; the sixth count negligent misrepresentation arising out of the awarding of the contract; the seventh count seeks a declaratory judgment, excusing performance; and the eighth count seeks an injunction and declaratory judgment for the anticipatory breach. Lastly, the defendant alleges the plaintiff has failed to adequately plead the "stringent criteria which would permit an action for injunction."
The defendants motion can be broken down into two categories, (1) tort causes of action, and (2) injunctive and declaratory causes of action. Each category will be discussed in seriatim below.
The general rule regarding sovereign immunity is "the state cannot be sued without its consent." Sentner v. Board ofTrustees, 184 Conn. 339, 342, 439 A.2d 1033 (1981); Horton v.Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). However exception by statute and case law exists. Doe v. Heintz,204 Conn. 17, 31, 526 A.2d 1318 (1987). The focus of this case involves § 4-61's exception to sovereign immunity.
1. Tort Causes of Action:
The second count alleges a tort cause of action for the defendant's "outrageous and unconscionable actions, and appears to be seeking punitive damages". The fifth count alleges misrepresentation arising out of the awarding of the contract. The sixth count alleges negligent misrepresentation arising out of the awarding of the contract. These three counts all allege tortious causes of action, but the fundamental nature of the claims are based on the alleged breach of contract by the defendant.
The plaintiff's cause of action is pursuant to § CT Page 4109-NN4-61. The defendant alleges that § 4-61 waives sovereign immunity only for contract actions. § 4-61 states in relevant part,
 (a) Any person, firm or corporation which has entered into a contract with the state . . . for the design, construction, construction management, repair or alteration of any highway, bridge . . . may, in the event of any disputed claims under such contract or claims arising out of the awarding of a contract by the commissioner of public works, bring an action against the state to the superior court for the judicial district of Hartford-New Britain for the purpose of having such claims determined . . .
The defendant relies on Ernest Jarvis Co. v. Stateof Connecticut, Department of Transportation, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 297219 (October 31, 1988) (O'Connor, J.), for the proposition that § 4-61 waives the States' sovereign immunity only for breach of contract causes of action, not tort causes of action.
In Duguay v. Hopkins, 191 Conn. 222, 232, 464 A.2d 45
(1983), the court addressed sovereign immunity with the following words: "When the state waives sovereign immunity by statute, however, a party who wishes to sue under the legislative waiver must come clearly within its provisions because `[statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.]'"
However, the plaintiff relies on Leone ConstructionCo., Inc. v. State, Superior Court, judicial district of Hartford/New Britain, Docket No. 377799 (January 31, 1992) (Walsh, John, J., 6 Conn. L. Prtr. 26, 7 CSCR 297). This case is more recent then Ernest Jarvis Co. and the issue raised is identical to the instant case. In Leone, Judge Walsh specifically revisited ErnestJarvis Co. then concluded:
 This court has adopted the view that the modern tendency is to make the fundamental nature of the obligation the test as to whether the action is founded upon either tort or contract. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 410 207 A.2d 732
(1965).
CT Page 4109-OO
 In the sixth count, the plaintiff alleges that the defendant breached the contract by failing to make equitable contract adjustments and to assign auditors to review the plaintiff's account, and, in so doing, the defendant acted outrageously, maliciously, and with reckless indifference toward the plaintiff's rights under the contract. Although these allegations could be considered to be tortious, "the fundamental nature of the obligation" between the parties is governed by the provisions of their contract. The plaintiff alleges that the defendant's actions were wrongful in light of the plaintiff's contractual rights. The court interprets this count as bring based in contract, and therefore it may be brought under General Statutes 4-61 (a)."
(Emphasis added, internal quotations omitted.).
Id.
This court adopts the more recent decision of Judge Walsh, and narrowly construes the § 4-61's sovereign immunity exceptions by permitting only tortious claims that allege a nexus to the contract. Since the plaintiff's second, fifth and sixth counts are disputed claims based on the contract, the defendant's motion to dismiss the second, fifth and sixth counts, should be denied.
2. Injunctive and Declaratory Causes of Action:
The third count appears to request the court to grant an extension of time for contract performance, which is a form of injunctive relief. The seventh count is a declaratory judgment cause of action requesting the court to excuse performance of the contract. The eighth count seeks an injunction and declaratory judgment for anticipatory breach.
The relevant authority was set forth in Krozser v.New Haven, 212 Conn. 415, 420-21, 562 A.2d 1080 (1989), the court addressed the exceptions to sovereign immunity:
 The absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute and by judicial decisions. `Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an CT Page 4109-PP unconstitutional statute. Horton v. Meskill, [supra, 624].' Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 1318
(1987). In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief. Id. (Emphasis added.)
Id., 420-21; Doe v. Heintz, supra 204 Conn. 31-32 ("With respect to the declaratory and injunctive relief sought by the plaintiffs and ordered by the court in this case, these precedents plainly establish that sovereign immunity is unavailable as a defense . . ."); see also Saturn Construction Co., Inc. v. State, Superior Court, judicial; district of Hartford/New Britain at Hartford, Docket No. 705198 (September 7, 1995) (Corradino, J.,15 Conn. L. Rptr. 359) (sovereign immunity is not a bar to an action seeking injunctive relief).
In light of the foregoing case authority and since the plaintiff's third, seventh and eighth counts all request declaratory or injunctive relief, the motion to dismiss these counts be denied.[2]
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to dismiss, ought to be and is hereby denied.
It is so ordered,