[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE
The third party defendant moves to strike the first count of the second amended third party complaint on the ground that this count does not sufficiently allege a contractual agreement for indemnification, and the second count of the third party complaint on the ground that this count does not allege facts showing that the third party defendant was the primary tortfeasor and thus liable to the third party plaintiff for indemnification.
On February 21, 1997, the plaintiff South Mill Village Association, a condominium association, filed a complaint against the defendants, Still Hill Development Corporation, Edward Kamis, Sr., Diane Kamis, Edward Kamis, Jr., Michael Kamis and Joanne Kamis Preli (Third Party Plaintiffs), alleging, among other things, that the roofs on the condominiums were defective. On October 17, 1996, the defendants filed a motion to implead the following contractors, who performed the roofing work, as third party defendants: Martin Sons, Inc., Chuck Saucier d/b/a C E Contractors and Mel Sons. Inc.
On May 8, 1997, the third party plaintiffs filed a second amended third party complaint alleging that "the third party defendants are contractually obligated to indemnify the defendant Still Hill for any judgment that the plaintiff receives on account of defective work performed by them under their contracts." (Third Party Complaint, Count One ¶ 8.) The third party plaintiffs further allege that if the third party defendants had "negligently performed their contractual duties then the third party defendants are liable to Still Hill for any judgment that the defendant receives on account of the defective work performed by them under their contract." (Third Party Complaint, Second Count ¶ 9.)
On May 13, 1997, the third party defendant, Mel Sons, Inc. (Third Party Defendant), filed a motion to strike counts one and two of the second amended third party complaint and a supporting memorandum of law. On May 29, 1997, the third party plaintiff, CT Page 7253 Still Hill, filed a memorandum in opposition to third party defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RK Constructors, Inc.v. Fusco Corp, 231 Conn. 381, 383 n. 2., 650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
Count One — Indemnification (Implied Contract)
The third party defendant argues that the first count of the second amended third party complaint is legally insufficient as a matter of law because this count alleges a breach of an implied indemnity contract. See Third Party Complaint, Count One ¶ 6 (alleging that the third party defendant's contract with the third party plaintiff "included an implied obligation for the third party defendant to indemnify Still Hill and hold it harmless from any liability that it may suffer should the third party defendants fail to properly perform their work.") Relying on Atkinson v. Berloni, 23 Conn. App. 325, 328, 580 A.2d 84
(1989)[1], the third party plaintiffs counter that the second amended third party complaint is legally sufficient because it alleges that the parties had a contractual relationship upon which the duty to indemnify was based.
In support of its argument in support of the motion to strike, the third party defendant relies on Kaplan v. MerbergWrecking Co., 152 Conn. 405, 207 A.2d 732 (1965) for the proposition that, absent an express provision in a contract, a right of indemnity arises by operation of law. Id., 409. InKaplan v. Merberg Wrecking Co., the plaintiff had operated a supermarket in a building in Meriden that the defendant Merberg Wrecking Corporation had been hired to demolish. Id. At some point after the demolition had begun, a pillar of the building collapsed onto a public sidewalk, killing an infant in a baby CT Page 7254 carriage. Id. The administrator of the infant's estate sued both Kaplan and the wrecking corporation. Id. The wrecking corporation settled, and a judgment was subsequently obtained against Kaplan.Bonczkiewicz v. Merberg Wrecking Co., 148 Conn. 573, 172 A.2d 917
(1961). Kaplan then brought an action against the wrecking corporation for reimbursement for the amount of the judgment on two theories: the first for breach of contract and the second on an implied obligation of indemnity for Merberg's claimed primary negligence. Kaplan v. Merberg Wrecking Co., supra, 152 Conn. 408. The demolition contract between Merberg and Kaplan read, in pertinent part, that "[Merberg] will furnish all the plant, labor, equipment and insurance to demolish and remove from the site the building and contents known as 80 West Main Street, Meriden, Connecticut" and "[Merberg] will remove all the interior and exterior walls level with the existing grade excepting any party walls or other walls you may so direct us to leave intact, and clean out the entire area to the cellar floor but not including the concrete cellar floor. [Merberg] will also erect a fence around the entire property to protect a the passing public." Kaplan, supra, 152 Conn. 408-09 n. 1.
Kaplan argued that this contract required Merberg to take all necessary precautions to protect the public; that Merberg breached the contract by failing to take the necessary precautions; and that this breach gave rise to a right of reimbursement as damages for breach of contract. Id., 408-09. The Supreme Court found that this contract was not a contract for indemnification; rather, it was an ordinary contract for the demolition of the building. Id., 409. Therefore, if the plaintiff had any right of indemnity, it arises by operation of law and not under any express provision of the contract. Id. The court then noted that "[t]he claim most stressed by the plaintiffs seems to be that something more than a fence was required, such as roping off or otherwise closing the sidewalk to pedestrian travel or erecting steel sheds over the sidewalk and that Merberg was negligent in not providing this further protection. This claim is not based on any express contract obligation but on a liability arising from negligence in the performance of the contract. From this, at most, an obligation to indemnify might arise by operation of law. An obligation of that type, arising from a tort, such as negligence, is sometimes termed an implied obligation of indemnity. It is true, of course, that out of a contractual relationship a tort liability, as in negligence, may arise. And it sometimes happens that in such a situation an action is also maintainable in contract for breach of an implied CT Page 7255 obligation to exercise reasonable care in the performance of a contract. This court has adopted the view that the [m]odern tendency is to make the fundamental nature of the obligation the test as to whether the action is founded upon either tort or contract (Citations omitted; internal quotation marks omitted.)Id., 409-10.
Unlike the court in Kaplan v. Merberg Wrecking Co., supra152 Conn. 405, this court has not been provided with any language from the alleged contract. Thus, because the second amended third party complaint does not contain any language from the alleged contract between the parties and because the contract has not been appended to the third party complaint, the court cannot determine, on a motion to strike, whether the parties entered into an express or implied indemnification agreement. SeeLiljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 347-48,576 A.2d 149 (1990) (holding that a court will not grant a motion to strike that imparts facts outside of the pleadings). Moreover, contrary to the third party defendant's assertion, the court in Kaplan v.Merberg Wrecking Co., supra, 152 Conn. 405, did not hold that absent expressed indemnity language, a contractual right of indemnity does not arise out of contractual provisions; rather, the court merely made a finding regarding the contract in the case before them. ("[T]his contract was in no sense of the word a contract for indemnity. Rather, it was an ordinary contract for demolition of a building. If the plaintiffs have any right of indemnity it arises by operation of law and not under any express provision of the contract.") (Emphasis added.) Id., 409; see alsoAlpha Crane Service v. Capitol Crane, 6 Conn. App. 60. 77-78,504 A.2d 1376 (1986). Therefore, the second amended third party complaint is legally sufficient. Accordingly, the third party defendant's motion to strike count one of the third party complaint is denied.
Count Two — Indemnification (Active/Passive Negligence)
The third party defendant argues that count two of the second amended complaint is legally insufficient because the third party complaint does not allege the five elements for establishing primary liability.[2] The third party plaintiff maintains that the third party complaint adequately alleges the elements of primary liability.
"Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the CT Page 7256 defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 697-98, 535 A.2d 357 (1988); Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990); Kaplan v.Merberg Wrecking Corp., supra, 152 Conn. 412-16.
To establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the third party complaint must allege the following essential elements: "(1) that the other tortfeasor was negligent; (2) that negligence, rather than [the third party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the situation to the exclusion of [the third party plaintiff]; and (4) that [the third party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Skuzinskiv. Bouchard Fuels, Inc., 240 Conn. 694, 698, ___ A.2d ___ (1997).
The third party complaint does not adequately allege any of the four elements required to establish that the third party defendant was primarily negligent. On the contrary, the third party complaint explicitly denies that the third party defendants were negligent. See Second Amended Third Party Complaint, Count Two ¶ 8 ("The plaintiff has alleged that the work performed by the third party defendants was negligently performed. Although Still Hill disputes this allegation, it has been forced to defend against this claim, and it may suffer liability on account of that claim.")
Therefore, count two of the second amended third party complaint is legally insufficient. Accordingly, the third party defendant's motion to strike count two of the second amended third party complaint is granted. CT Page 7257 Hennessey, J.