[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT MEL SONS, INC.'S MOTION FOR SUMMARY JUDGMENT (#159)
 I. FACTUAL AND PROCEDURAL HISTORY
On February 21, 1997, the plaintiff South Mill Village Association, a condominium association, filed a complaint against the defendants, Still Hill Development Corporation, Edward Kamis, Sr., Diane Kamis, Edward Kamis, Jr. Michael Kamis and Joanne Kamis Preli ("third party plaintiffs"), alleging, among other things, that the roofs on the condominiums were defective. On October 17, 1996, the third party plaintiffs filed a motion to implead the following contractors, who performed the roofing work, as third party defendants: Martin Sons, Inc., Chuck Saucier d/b/a C E Contractors and Mel Sons, Inc. On or about January 21, 1998, the third party plaintiffs filed an amended third party complaint alleging that the third party defendants are contractually obligated to indemnify the defendant Still Hill Development Corporation ("Still Hill") for any judgment that the plaintiff recovers due to defective work performed by them under their contracts.
Presently before the court is the third party defendant, Mel Sons, Inc.'s, motion for summary judgment, which was filed with a supporting memorandum. The third party plaintiff, Still Hill, filed a memorandum in opposition, and supplemental memoranda were filed by the parties. For the reasons that follow the motion for summary judgment is denied.
 II. STANDARD FOR SUMMARY JUDGMENT
CT Page 8374
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
 III. DISCUSSION
"Indemnity contracts are subject to the general rules governing the formation, validity and construction of all contracts. . . . When the requisite intention appears, no particular form of agreement is necessary, and indemnity contracts may arise orally. . . ." 41 Am.Jur.2d, Indemnity § 5, p. 351 (1995).
Mel Sons, Inc. relies solely on Still Hill's answer to one of its interrogatories to support its contention that Still Hill cannot maintain a contractual claim for indemnification based upon the facts of this case. The relevant interrogatory provides:
 1. Did Still Hill Development Corp. have a written agreement with Mel Sons, Inc., to perform work on the South Mill Village construction project?
 Response: No CT Page 8375
(Third Party Defendant, Mel Sons, Inc.'s Exhibit B.)
In support of its opposition, Still Hill has submitted the affidavit of its president, Edward Kamis, Jr. According to Still Hill, it entered into an oral contract with Mel Sons, Inc. to install and construct the framing and roofing of several units at South Mill Village. (Kamis Affidavit, ¶ 6.) Still Hill further contends that its understanding and expectation was that Mel Sons, Inc. would indemnify Still Hill for damages resulting from the installation of the shingle roofing. (Kamis Affidavit, ¶ 10.)
Although there was no written agreement, an oral contract allegedly existed. (Kamis Affidavit, ¶ 6.) Mel Sons, Inc., however, has not provided this court with any language from the parties alleged oral contract. Nor has it submitted any affidavits or other evidence demonstrating either the terms of the parties' alleged oral contract or the non-existence of an indemnification term in the contract. "[A]bsent . . . specific contract language, whether there was a contract and the scope of its terms are questions of fact to be determined by the trier on the basis of all the evidence . . . ." (Internal quotation marks omitted.) Harry Skolnick Sons v. Heyman, 7 Conn. App. 175, 178,508 A.2d 64, cert. denied, 200 Conn. 803, 510 A.2d 191 (1986). Moreover, indemnity contracts may arise orally. 41 Am.Jur.2d, Indemnity § 5, p. 351 (1995). Thus, questions of material fact exist in regard to the scope of the alleged oral contract and whether it contained terms of indemnification. (Kamis Affidavit, ¶ 10.)
"A contract implied in fact may be inferred from words, action or conduct. The existence and scope of such a contract is a question of fact for the trier, to be determined from all of the evidence." Bolmer v. Kocet, 6 Conn. App. 595, 609,507 A.2d 129 (1986).
A claim of indemnity may be based on an implied contract theory. See Alpha Crane Service, Inc. v. Capital Crane, Co.,6 Conn. App. 60, 80-81, 504 A.2d 1376, cert. denied, 199 Conn. 807,508 A.2d 769 (1986).
Mel Sons, Inc. cites Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 207 A.2d 732 (1965) and Kyrtatas v.CT Page 8376Stop Shop, Inc., 205 Conn. 694, 535 A.2d 357 (1988), but those cases are inapposite. Kaplan and Kyrtatas addressed the issue of implied indemnity between joint tortfeasors in the absence of an express contract to indemnify. See Kaplan v. Merberg WreckingCorporation, supra, 152 Conn. 409-11; Kyrtatas v. Stop Shop,Inc., supra, 205 Conn. 698. In the present case, a question of material fact exists in regard to whether the alleged oral contract contained an express or implied indemnification term.
I conclude, therefore, that Mel Sons, Inc. has not met its burden of showing the nonexistence of a genuine issue of material fact which would, under applicable principles of substantive law, entitle it to judgment as a matter of law. Thus, its motion for summary judgment must be, and is, denied.
Teller, J.