[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANTS MOTION TO STRIKE SUBSTITUTE THIRD PARTY COMPLAINT (#118)
On July 28, 1997, the plaintiff, Steven G. Katsetos CT Page 12583 ("plaintiff"), filed a complaint against the defendants, Viking Construction, Inc. ("Viking Construction"), N.N.I. Bell Street Limited Partnership ("NNI"), and Atlantic Street Development Corporation ("Atlantic Street") (collectively "defendants"). The four count complaint alleges nuisance, trespass, negligence and negligence per se.
The plaintiff alleges that his property, which consists of a restaurant on the ground floor and additional commercial rental space in the lower level, is "permanently damaged by the water infiltration and flooding, indoors, outdoors, and on the lower level" which resulted from the activities of the defendants. (Count one, ¶ 15.) The plaintiff alleges that the defendants' improper activity occurred as they constructed a new building on the property next to the plaintiff's property. The plaintiff further alleges that "[p]rior to the Defendants' activities . . . [his] property had never suffered from water problems, flooding, or other water damages." (Count one, ¶ 14.)
On November 3, 1998, the defendants filed their answer and special defenses.[1] On November 17, 1998, this court, Mintz, J., granted the defendants ("third party plaintiffs") motion to implead Michael Blanc Associates and Katblan Corporation ("third party defendants"). In their third party complaint, dated October 31, 1997, third party plaintiffs, NNI and Atlantic Street, seek indemnification from the third party defendants. On November 18, third party plaintiff, Viking Construction, also filed a third party complaint against the third party defendants seeking indemnification.
Before the court now is the third party defendants' motion to strike the substitute third party complaint of NNI and Atlantic Street, filed on January, 9, 1998. The third party defendants argue that "a material allegation necessary to properly allege a cause of action for indemnification has not been sufficiently pled. Specifically, that the third party defendants had control of the situation to the exclusion of the third party plaintiffs." (Third Party Defendants' Motion to Strike, dated July 7, 1998, p. 1.) The third party plaintiffs filed an objection to the motion to strike on July 28, 1998. Both sides submitted memoranda of law in support of their respective positions.
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 152, now Practice Book (1998 CT Page 12584 Rev.) § 10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Alterations in original; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, 698 A.2d 859 (1997).
"The motion to strike should be granted if the allegations in the complaint only allege legal conclusions unsupported by facts." Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 673,613 A.2d 838 (1992); see also Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992) ("A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged"). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autouri, 236 Conn. 820, 826, 676 A.2d 357 (1996).
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v.Merberg Wrecking Corp., 152 Conn. 405, 412, 207 A.2d 732 (1965). "Ordinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." (Internal quotation marks omitted.)Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697,694 A.2d 788 (1997).
Four separate elements must be established to recover for indemnification: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably CT Page 12585 rely on the other tortfeasor not to be negligent." Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988); see also Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 698.
"There is no dispute that, to maintain a common law action for indemnity, not based on statute or express contract, the facts alleged in [the] third party complaint must establish that the third party defendants were in control of the situation to the exclusion of [the third party plaintiff]." (Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 703. Ordinarily, "the question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact. . . . Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." (Citations omitted.) Id., 704.
In count one of their complaint, the third party plaintiffs allege that Michael Blanc Associates, the architect, "had exclusive control of the architectural plans, design and supervision of the project to the exclusion of the Third Party Plaintiffs." (Count one, ¶ 3.) In count two, they allege that Katblan Corporation, as fee owner of the property, "had exclusive control of [the property], by virtue of its ownership, to the exclusion of the Third Party Plaintiffs which afforded it an enhanced ability to control the project." (Count two, ¶ 7.)
Whether a party is control of a situation is a question of fact which should not be decided on a motion to strike. Furthermore, the third party plaintiffs have pled allegations sufficient to state a cause of action.
The third party plaintiffs have pled allegations sufficient to state a cause of action in their third party complaint. Therefore, the third party defendants' motion to strike the third party plaintiffs' two count complaint is denied.
HICKEY, J.